[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Thomas v. McGinty*, Slip Opinion No. 2020-Ohio-5452.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-5452

THE STATE EX REL. THOMAS ET AL., APPELLANTS, *v.* MCGINTY, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Thomas v. McGinty*, Slip Opinion No. 2020-Ohio-5452.]

*Prohibition—Marsy's Law—Writ of prohibition is not appropriate remedy to challenge discovery order allowing court-supervised defense inspection of appellants' residence, because judge did not lack subject-matter jurisdiction to issue order—Appellants had adequate remedy in ordinary course of law by way of immediate appeal under R.C. 2505.02(B)(4)— Court of appeals' judgment granting judge's motion to dismiss affirmed.*

(No. 2019-1803—Submitted July 7, 2020—Decided December 1, 2020.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 108633, 2019-Ohio-5129.

_____

**Per Curiam.**

{¶ 1} Article I, Section 10a of the Ohio Constitution, a.k.a. "Marsy's Law," grants crime victims a right in criminal cases to obtain judicial review of discovery orders that affect their Marsy's Law rights. Appellants, Lavon Thomas and Felicia Kelly, sought a writ of prohibition to prevent appellee, Cuyahoga County Court of Common Pleas Judge William T. McGinty, from enforcing a discovery order allowing a criminal defendant (along with her defense counsel and expert witness) to have court-supervised access to inspect appellants' residence, which was the scene of the alleged crime. The Eighth District Court of Appeals granted Judge McGinty's motion to dismiss appellants' prohibition action.

{¶ 2} Although crime victims have a right under the Ohio Constitution to judicial review of discovery orders affecting their Marsy's Law rights, a writ of prohibition is not the correct mechanism to challenge Judge McGinty's order. We therefore affirm the Eighth District's judgment.

## I. Facts and Procedural Background

{¶ 3} Kaylynn Counts allegedly assaulted Kelly and Thomas in Thomas's home in November 2018. Counts is awaiting trial for attempted murder and felonious assault before Judge McGinty in the Cuyahoga County Court of Common Pleas.

### A. Judge McGinty's Discovery Order

{¶ 4} On April 1, 2019, Counts filed a "Motion for Criminal Rule 16 Entry Upon Land for Inspection and Photograph," requesting an order allowing her to inspect and photograph Thomas's home, where appellants reside. Counts's counsel wanted access to the home to aid in "forensically recreating the incident" for the defense's case. The state opposed the motion, arguing that the trial court lacked authority to order access by a criminal defendant to a victim's home under Crim.R. 16.

{¶ 5} Judge McGinty granted Counts's motion. He issued an order allowing Counts and the defense team to inspect Thomas's home when appellants

and the prosecution are not inside it, supervised by a sheriff's deputy and the court's bailiff. The court ordered as follows:

> The parties communicate to provide 3 available days with a specific time to allow State to confer with homeowner.
>
> The state will indicate to defense counsel the date for the discovery.
>
> The court orders that bailiff shall be the court representative and be present at all times while the defendant, defense counsel and their experts are within the residence. At all times, the defendant, defense counsel and their expert shall be within the view of bailiff.
>
> The court orders that a sheriff's deputy shall assist bailiff in this procedure.
>
> The victim shall not be in the residence once the discovery process commences.
>
> The court further orders that Cleveland Police Department and County Prosecutor [personnel] may be present, but may not be within the residence when the discovery is ongoing.

**{¶ 6}** The state unsuccessfully sought leave to appeal Judge McGinty's order under R.C. 2945.67(A). *See State v. Counts*, 157 Ohio St.3d 1408, 2019-Ohio-3731, 131 N.E.3d 73. The prosecuting attorney also filed an original action in this court, seeking a writ of prohibition to enjoin enforcement of Judge McGinty's order. This court granted Judge McGinty's motion to dismiss that action. *State ex rel. O'Malley v. McGinty*, __ Ohio St.3d __, 2020-Ohio-648, 140 N.E.3d 733.

*B. The Eighth District Proceedings in this Case*

{¶ 7} While the state's motion for leave to appeal was pending, appellants filed this action in the Eighth District, seeking a writ of prohibition to restrain Judge McGinty from enforcing his discovery order. They argued that Marsy's Law and the Fourth Amendment's prohibition of unreasonable searches and seizures deprived Judge McGinty of the authority to issue the order permitting Counts and the defense team to have access to appellants' residence.

{¶ 8} The Eighth District granted Judge McGinty's motion to dismiss the prohibition action. The Eighth District held that a trial court "has broad discretion, and thus the jurisdiction, over discovery matters, such that the writ of prohibition will not lie." 2019-Ohio-5129, 137 N.E.3d 1278, ¶ 26. And to the extent that Judge McGinty's order granted discovery beyond that required by Crim.R. 16, the Eighth District found that to be within the trial court's discretion.

{¶ 9} The Eighth District further determined that appellants' status as nonparties to *State v. Counts* did not undermine Judge McGinty's discretion. The court explained that "the court of common pleas may order non-parties to assist in criminal investigations." *Id.* at ¶ 27, citing *State ex rel. Ohio Bell Tel. Co. v. Williams*, 63 Ohio St.2d 51, 407 N.E.2d 2 (1980). And the court found further support in Crim.R. 17, governing subpoenas issued to nonparties in criminal cases, for the general proposition that a trial court's authority can reach third parties in discovery. *Id.* at ¶ 29.

{¶ 10} Having concluded that Judge McGinty "has the jurisdiction" to issue the discovery order in this case as a matter of Ohio discovery law, the Eighth District next examined whether Marsy's Law "deprives him of that power." *Id.* at ¶ 30. The court held that a crime victim's right to privacy "does not unilaterally deprive the trial court of jurisdiction" to order an inspection of a private residence that is also the crime scene. *Id.* at ¶ 31. Relying on cases from other jurisdictions to inform its decision, the Eighth District determined that a third party's privacy

4

rights "must be weighed against a criminal defendant's rights to due process, to confront witness[es], to have compulsory process to obtain evidence, and to effective assistance of counsel." *Id.* at ¶ 42. The Eighth District therefore concluded that a trial court has jurisdiction to order an inspection of a crime scene, even if it is a private residence. *Id.*

{¶ 11} As an additional ground for dismissal, the Eighth District concluded that appellants had an adequate remedy at law precluding extraordinary relief in prohibition. Specifically, the Eighth District observed that appellants could disobey Judge McGinty's order, be found in contempt, and appeal a resulting contempt order. Relying on *State ex rel. Mason v. Burnside*, 117 Ohio St.3d 1, 2007-Ohio-6754, 881 N.E.2d 224, the Eighth District determined that "appealing a contempt order is an adequate remedy at law that precludes a writ of prohibition." 2019-Ohio-5129, 137 N.E.3d 1278, at ¶ 43.

{¶ 12} Appellants have timely appealed to this court as of right. They have also requested oral argument.

## II. Request for Oral Argument

{¶ 13} In exercising our discretion to grant oral argument under S.Ct.Prac.R. 17.02(A), this court considers "whether the case involves a matter of great public importance, complex issues of law or fact, a substantial constitutional issue, or a conflict among courts of appeals." *State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 111 Ohio St.3d 118, 2006-Ohio-5339, 855 N.E.2d 444, ¶ 15.

{¶ 14} Appellants' request for oral argument is one sentence long and does not include any discussion of the above factors. But even if the existence of one or more of these factors is self-evident, oral argument is not warranted in this case. Although there is little case law interpreting the scope of a crime victim's constitutional rights under Marsy's Law, this case turns on familiar principles governing writs of prohibition. *See State ex rel. Sponaugle v. Hein*, 153 Ohio St.3d 560, 2018-Ohio-3155, 108 N.E.3d 1089, ¶ 31; *State ex rel. Chester Twp. v.*

*Grendell*, 147 Ohio St.3d 366, 2016-Ohio-1520, 66 N.E.3d 683, ¶ 18. We therefore deny the request for oral argument.

### III. Writ of Prohibition

{¶ 15} This court reviews de novo a lower court's dismissal of an extraordinary-writ action under Civ.R. 12(B)(6). *State ex rel. Zander v. Judge of Summit Cty. Common Pleas Court*, 156 Ohio St.3d 466, 2019-Ohio-1704, 129 N.E.3d 401, ¶ 4. To be entitled to their requested writ of prohibition, appellants must establish that (1) Judge McGinty exercised or is about to exercise judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Elder v. Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628, 40 N.E.3d 1138, ¶ 13. Although a relator need not show the lack of an adequate remedy in the ordinary course of law when the absence of jurisdiction is patent and unambiguous, *State ex rel. Vanni v. McMonagle*, 137 Ohio St.3d 568, 2013-Ohio-5187, 2 N.E.3d 243, ¶ 6, appellants do not argue that there is a patent and unambiguous lack of jurisdiction in this case.

*A. Judge McGinty Acted within His Judicial Power*

{¶ 16} In arguing that Judge McGinty's discovery order is unauthorized by law, appellants first rely on Crim.R. 16, which provides:

> Upon receipt of a written demand for discovery by the defendant * * * the prosecuting attorney shall provide copies or photographs, or permit counsel for the defendant to copy or photograph, the following items related to the particular case indictment, information, or complaint, and which are material to the preparation of a defense, or are intended for use by the prosecuting attorney as evidence at the trial, or were obtained from or belong to

the defendant, *within the possession of, or reasonably available to the state*, subject to the provisions of this rule:

\* \* \*

(3) Subject to divisions (D)(4) and (E) of this rule, all laboratory or hospital reports, books, papers, documents, photographs, tangible objects, buildings, or places \* \* \* .

(Emphasis added.) Crim.R. 16(B).

{¶ 17} Although Crim.R. 16(B)(3) allows a defendant to obtain access to "buildings" or "places," the rule applies only to buildings or places "within the possession of, or reasonably available to the state." Appellants argue that Judge McGinty's order is "an unauthorized usurpation of judicial power" because there is no authority in Crim.R. 16 for Judge McGinty to order access to a nonparty's private residence as part of criminal discovery.

{¶ 18} Appellants further argue that Judge McGinty's order is an unauthorized usurpation of power because he "lacks authority from case law" to order inspection of a crime victim's property. Though the Eighth District cited cases from New Jersey, Hawaii, Florida, Virginia, Massachusetts, Vermont, North Carolina, and New York to inform its view that Ohio law gives trial courts discretion to order discovery from nonparties to a criminal case, *see* 2019-Ohio-5129, 137 N.E.3d 1278, at ¶ 32-41,[1] appellants contend that decisions from Colorado, Oregon, and Minnesota are more persuasive.[2] Finally, appellants argue

---

1. *See State in Interest of A.B.*, 219 N.J. 542, 99 A.3d 782 (2014); *State v. Tetu*, 139 Haw. 207, 386 P.3d 844 (2016); *State v. Gonsalves*, 661 So.2d 1281 (Fla.App.1995); *Henshaw v. Commonwealth*, 19 Va.App. 338, 451 S.E.2d 415 (1994); *Commonwealth v. Matis*, 446 Mass. 632, 915 N.E.2d 212 (2006); *State v. Muscari*, 174 Vt. 101, 807 A.2d 407 (2002); *State v. Brown*, 306 N.C. 151, 293 S.E.2d 569 (1982); *People v. Nicholas*, 157 Misc.2d 947, 599 N.Y.S.2d 779 (1993).

2. *See People in Interest of E.G.*, 2016-CO-19, 368 P.3d 946; *State ex rel. Beach v. Norblad*, 308 Or. 429, 781 P.2d 349 (1989); *State v. Lee*, 929 N.W.2d 432 (Minn.2019).

that Judge McGinty's order violates their privacy rights under the Fourth and Tenth Amendments to the United States Constitution and under Article I, Section 10a of the Ohio Constitution.

{¶ 19} Appellants' arguments conflate the trial court's jurisdictional power with the court's exercise of jurisdiction. Generally, "a court will deny relief in prohibition when a respondent judge has general subject-matter jurisdiction and will deem any error by the judge to be an error in the exercise of jurisdiction." *Sponaugle*, 153 Ohio St.3d 560, 2018-Ohio-3155, 108 N.E.3d 1089, at ¶ 24. A common pleas court has the jurisdictional authority to enter pretrial orders regarding discovery in criminal proceedings. Crim.R. 16; *see also* Crim.R. 17 (governing issuance of subpoenas to nonparties in criminal cases). That authority even extends to discovery that arguably falls outside the letter of the criminal rules. *See, e.g.*, *State v. Landrum*, 53 Ohio St.3d 107, 119, 559 N.E.2d 710 (1990) ("Discovery beyond what the rules require is at the trial court's discretion"). Put another way, Judge McGinty did not lack *subject-matter jurisdiction* to issue the discovery order allowing Counts and the defense team to conduct a court-supervised inspection of appellants' residence for purposes of preparing a defense. Though appellants contend that the order exceeds the authority granted by Crim.R. 16, the common law, and the state and federal Constitutions, appellants' objections implicate an alleged error in Judge McGinty's *exercise* of jurisdiction, not in his jurisdictional power to issue discovery orders in criminal cases.

{¶ 20} Our decision in *Mason*, 117 Ohio St.3d 1, 2007-Ohio-6754, 881 N.E.2d 224, is instructive. In that case, a prosecutor sought a writ of prohibition to prevent a common pleas court judge from enforcing a pretrial discovery order in a criminal case, arguing that the judge "patently and unambiguously lacked jurisdiction to issue" the order. *Id*. at ¶ 10. Even though the respondent judge herself acknowledged that she had ordered discovery beyond that required by Crim.R. 16, *id.* at ¶ 4, this court denied the writ, noting the "unquestioned" principle

that courts have broad discretion over discovery matters, *id*. at ¶ 11. Because of the discretionary authority vested in the common pleas courts, " 'an extraordinary writ will not issue to control [the trial court's] judicial discretion, even if that discretion is abused.' " *Id*., quoting *Berthelot v. Dezso*, 86 Ohio St.3d 257, 259, 714 N.E.2d 888 (1999). So even if Judge McGinty abused his discretion in ordering an inspection of appellants' residence, a writ of prohibition does not lie to enjoin enforcement of his order. *Id.* at ¶ 11-12; *see also State ex rel. Lighttiser v. Spahr*, 18 Ohio St.3d 234, 480 N.E.2d 779 (1985) (prohibition did not lie to prevent trial court from enforcing discovery order against prosecutor, even though court had ordered disclosure of witness statements beyond those required by Crim.R. 16).

{¶ 21} Appellants contend that this case is on different footing: whereas *Mason* (and other cases like it) involved a discovery order directed at *the prosecutor*, Judge McGinty in this case ordered *a third party* to provide discovery. Recently, in *State ex rel. S.L. v. Judge, Hamilton Cty. Mun. Court*, 1st Dist. Hamilton No. C-190248, 2020-Ohio-584, which also involved a trial-court order allowing a criminal defendant to access the alleged victim's home (also the crime scene) for purposes of preparing a defense, the First District Court of Appeals relied on this distinction to reject the Eighth District's analysis in this case and to grant the alleged victim's requested writ of prohibition. *Id.* at ¶ 14-20. We reject appellants' argument for two reasons.

{¶ 22} First, it is unclear in this case whether appellants are correct in their premise that Judge McGinty's order is directed *at them* as opposed to the state. A close reading of the order shows that Judge McGinty ordered that "[t]he parties" (i.e., the state and Counts) communicate and provide three available days for the inspection "to allow State to confer with [the] homeowner." Judge McGinty further ordered that the state then indicate to defense counsel the date chosen by appellants and described the parameters of the inspection. Thus, Judge McGinty's order contemplated that appellants would provide access, but it arguably did not order

appellants to do so.[3] *See State ex rel. Beach v. Norblad*, 308 Or. 429, 431, 781 P.2d 349 (1989) (granting writ of mandamus compelling trial court to vacate order allowing defendant to have access to victim's home; trial court's order expressly stated that victim's widow "shall make available and grant access to the defense attorneys").

{¶ 23} Second, we disapprove of the First District's grant of a writ of prohibition in *S.L.* and decline to apply that court's reasoning to this case. Even accepting the premise that Judge McGinty affirmatively ordered appellants to give Counts and the defense team access to appellants' residence, a writ of prohibition remains an inappropriate vehicle for a nonparty to a criminal proceeding to challenge a discovery order.

{¶ 24} In *Ohio Bell*, 63 Ohio St.2d 51, 407 N.E.2d 2, the trial court in a criminal case ordered a nonparty, the Ohio Bell Telephone Company, to allow installation of a pen register by the police and to supply all the necessary facilities, technical assistance, and information to aid the police in recording an Ohio Bell subscriber's outgoing calls. Ohio Bell filed an action for a writ of prohibition to prevent the trial court from enforcing the order. Among other things, Ohio Bell argued that the trial court "lacked the subject-matter jurisdiction" to order it to allow installation of the pen register and to provide facilities and assistance to law enforcement. *Id.* at 53. This court denied the writ, holding that the order was issued in connection with a criminal offense that was within the court's original subject-matter jurisdiction under R.C. 2931.03. *Id.* at 53.

---

3. Judge McGinty does not dispute appellants' underlying premise that his discovery order required them to make their residence available for inspection by Counts. But in arguing that his order is authorized by Crim.R. 16, Judge McGinty notes that the prosecution had proposed—as an alternative to Counts's requested inspection—that the state could gain access to appellants' residence and provide the information requested by Counts. Thus, Judge McGinty suggests that he ordered the inspection within the letter of Crim.R. 16, based on his understanding that appellants' residence was "reasonably available to the state" within the meaning of Crim.R. 16(B).

{¶ 25} We also rejected Ohio Bell's argument that the trial court lacked personal jurisdiction to issue a discovery order to a nonparty in the criminal proceeding. *Id.* at 55-56. The "inherent authority" of the Ohio courts of common pleas allowed the court to issue its order, which was "in the nature of a warrant." *Id.* at 56. Accordingly, there was no unauthorized usurpation of judicial authority that would support the issuance of a writ of prohibition. *Id.* at 57; *see also State ex rel. Herdman v. Watson*, 83 Ohio St.3d 537, 700 N.E.2d 1270 (1998) (prohibition did not lie when relator, a nonparty to a civil case, alleged that court's discovery orders violated Fifth Amendment, attorney-client, and physician-patient privileges; trial court had jurisdiction to decide those issues).

{¶ 26} Prohibition is an extraordinary writ, and this court does not grant it routinely or easily. *Fradette v. Gold*, 157 Ohio St.3d 13, 2019-Ohio-1959, 131 N.E.3d 12, ¶ 5. We have explained that with few exceptions, "a writ of prohibition 'tests and determines "solely and only" the subject matter jurisdiction' of the lower court." *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 73, 701 N.E.2d 1002 (1998), quoting *State ex rel. Eaton Corp. v. Lancaster*, 40 Ohio St.3d 404, 409, 534 N.E.2d 46 (1988), quoting *State ex rel. Staton v. Franklin Cty. Common Pleas Court*, 5 Ohio St.2d 17, 21, 213 N.E.2d 164 (1965). In this case, appellants' arguments that Judge McGinty exceeded his judicial authority are challenges to his exercise of jurisdiction, not to the existence of subject-matter jurisdiction. Absent some other provision that divests Judge McGinty of subject-matter jurisdiction to issue the discovery order, a writ of prohibition is not appropriate. *State ex rel. Novak, L.L.P. v. Ambrose*, 156 Ohio St.3d 425, 2019-Ohio-1329, 128 N.E.3d 209, ¶ 13.

### B. Impact of Marsy's Law

{¶ 27} Appellants argue that Marsy's Law should inform our resolution of this case and allow them to obtain a writ of prohibition as the proper remedy. Article I, Section 10a of the Ohio Constitution states:

(A) To secure for victims justice and due process throughout the criminal and juvenile justice systems, a victim shall have the following rights, which shall be protected in a manner no less vigorous than the rights afforded to the accused:

* * *

(6) except as authorized by section 10 of Article I of this constitution, to refuse an interview, deposition, or other discovery request made by the accused or any person acting on behalf of the accused;

* * *

(B) The victim, the attorney for the government upon request of the victim, or the victim's other lawful representative, in any proceeding involving the criminal offense or delinquent act against the victim or in which the victim's rights are implicated, may assert the rights enumerated in this section and any other right afforded to the victim by law. If the relief sought is denied, the victim or the victim's lawful representative may petition the court of appeals for the applicable district, which shall promptly consider and decide the petition.

{¶ 28} Importantly for purposes of a writ-of-prohibition analysis, the provision of Marsy's Law that applies to this case does not purport to divest a trial court of the *jurisdictional* power to order a crime victim to respond to an accused's discovery request. Even though Section 10a(A)(6) grants to a crime victim the right to refuse the discovery request of an accused, it applies "except as authorized by section 10 of Article I of this constitution," which sets forth the state constitutional rights of an accused. Thus, a victim's rights under Section 10a(A)(6) are not

12

absolute. Section 10a(A)(6) contemplates trial courts making decisions about whether a victim's rights under Marsy's Law apply, with the victim having a right to review of the trial court's decision in the court of appeals. Therefore, Marsy's Law does not divest trial courts of jurisdiction to issue discovery orders that affect a crime victim's rights under Marsy's Law.

{¶ 29} Rather than argue that Marsy's Law somehow divests a trial court of subject-matter jurisdiction, appellants argue that their right under Section 10a(B) to file a petition in a court of appeals must be interpreted as allowing them to obtain a writ of prohibition. Because Judge McGinty's order implicates their Marsy's Law right "to refuse * * * [a] discovery request made by the accused," appellants argue that they have a right under Section 10a(B) to "petition the court of appeals" for extraordinary relief. They further argue that the writ of prohibition was "the best election of the options available to protect and enforce their rights."

{¶ 30} Section 10a(B)'s grant of a right to "petition the court of appeals" does not, however, mean that a writ of prohibition is the proper remedy. And although appellants make a number of arguments about why Judge McGinty erred in issuing the discovery order, they do not explain why a writ of prohibition should lie when, as here, the trial court has subject-matter jurisdiction over the underlying case. They ask for what amounts to a carve-out in our writ-of-prohibition jurisprudence that would allow the writ to issue in any case in which a trial court has permitted an accused to obtain discovery from a crime victim.

{¶ 31} Amicus curiae National Crime Victim Law Institute ("NCVLI") contends that a writ of prohibition is appropriate under Section 10a(B) because this court "has repeatedly stated that a prohibition action is a proper vehicle to challenge the unauthorized orders" when the relator "is a nonparty" to the underlying case in which the orders were issued.[4] Two of the three cases cited by NCVLI are cases in

---

4. In general, amici curiae are not parties to an action and may not interject issues and claims not raised by the parties. *Wellington v. Mahoning Cty. Bd. of Elections*, 117 Ohio St.3d 143, 2008-

which this court granted writs of prohibition in favor of media companies. *See State ex rel. News Herald v. Ottawa Cty. Court of Common Pleas, Juvenile Div.*, 77 Ohio St.3d 40, 671 N.E.2d 5 (1996); *State ex rel. Vindicator Printing Co. v. Wolff*, 132 Ohio St.3d 481, 2012-Ohio-3328, 974 N.E.2d 89. But neither of those cases supports NCVLI's broad proposition.

{¶ 32} *News Herald* involved a challenge to a court's gag order prohibiting the media from reporting on court proceedings that were open to the public. We observed that "[t]here is a long line of cases holding that an action for a writ of prohibition is the proper vehicle to challenge an order of a trial court which orders closure of court proceedings" and that prohibition is "the *only* remedy available to nonparties who wish to challenge an order which restricts the rights of free speech and press of such nonparties." (Emphasis sic.) *News Herald* at 43. Indeed, it has long been settled that a writ of prohibition is the proper remedy to address courtroom restrictions that are alleged to violate the freedom of the press. *See, e.g., State ex rel. Dayton Newspapers, Inc. v. Phillips*, 46 Ohio St.2d 457, 351 N.E.2d 127 (1976), paragraph one of the syllabus; *State ex rel. Beacon Journal Publishing Co. v. Kainrad*, 46 Ohio St.2d 349, 355, 348 N.E.2d 695 (1976); *In re T.R.*, 52 Ohio St.3d 6, 556 N.E.2d 439 (1990), paragraph one of the syllabus.

{¶ 33} But these decisions can be reconciled with traditional writ-of-prohibition concepts. The lesson of the media cases is that trial courts have no jurisdictional power to close their courtrooms or restrict reporting of proceedings unless they follow proper procedures for doing so. Indeed, in both *Beacon Journal* and *Dayton Newspapers*, we stated that a writ of prohibition would lie "on authority of" *State ex rel. N. Ohio Tel. Co. v. Winter*, 23 Ohio St.2d 6, 260 N.E.2d 827 (1970), a case in which this court granted a writ of prohibition because a lower court lacked

---

Ohio-554, 882 N.E.2d 420, ¶ 53. In this case, however, we will address NCVLI's argument on this point because it relates to an issue raised by appellants, namely whether a writ of prohibition is a proper remedy.

*subject-matter jurisdiction.* *Beacon Journal* at 355; *Dayton Newspapers* at 458. The media writ-of-prohibition cases therefore do not provide support for granting a writ of prohibition when the lower court has subject-matter jurisdiction.

{¶ 34} *Vindicator Printing Co.* is an even less secure anchor for NCVLI's broad proposition to allow a writ of prohibition to issue even when subject-matter jurisdiction exists. In that case, we granted a writ of *mandamus* to compel a judge to release records that he had ordered to be sealed in a criminal case. As a corollary to the writ of mandamus, we also granted a writ of prohibition ordering the judge to vacate his decisions sealing records "and to prohibit the judge from presumptively sealing any records" in the criminal case. 132 Ohio St.3d 481, 2012-Ohio-3328, 974 N.E.2d 89, at ¶ 38-39. Without discussion of the requirements for issuance of a writ of prohibition, we concluded that prohibition was appropriate "[b]ased on the previous discussion concerning [the] relators' mandamus claim." *Id.* at ¶ 39. Therefore, *Vindicator Printing Co.* does not provide a solid basis for deciding that a writ of prohibition is the proper remedy in this case.

{¶ 35} Finally, NCVLI relies on *State ex rel. Jackman v. Cuyahoga Cty. Court of Common Pleas*, 9 Ohio St.2d 159, 224 N.E.2d 906 (1967), to support the notion that a writ of prohibition may lie even when the respondent judge or court has subject-matter jurisdiction over the underlying matter. In that case, two criminal defendants applied to the common pleas court for a commission to depose several witnesses under R.C. 2945.50. The relators, nonparties to the criminal proceeding, sought a writ of prohibition to enjoin the trial court from entering an order authorizing the defense to take the relators' pretrial discovery depositions. *Id.* at 159. The court of appeals issued the writ, but this court reversed, thereby paving the way for the depositions to proceed.

{¶ 36} We held that R.C. 2945.50 was a valid exercise of legislative authority, giving trial courts the jurisdictional authority to allow pretrial depositions in criminal cases. *Id.* at 168. Before doing so, however, we noted that prohibition

was the proper remedial avenue for the relators to pursue because the action sought "to prevent an alleged usurpation of judicial power." *Id.* at 160. But the "usurpation of judicial power" terminology referred to a challenge to the *jurisdictional* power of the trial court to issue the commissions. *See id.*; *see also Staton*, 5 Ohio St.2d at 21, 22, 213 N.E.2d 164 (noting that prohibition "tests and determines solely and only the jurisdiction of the inferior tribunal" and using the term "usurpation of judicial power" to refer to the exercise of jurisdiction not provided by law); *State ex rel. Smith v. Court of Common Pleas, Probate Div.*, 70 Ohio St.2d 213, 216, 436 N.E.2d 1005 (1982), and fn. 3, quoting *State ex rel. Adams v. Gusweiler*, 30 Ohio St.2d 326, 329, 285 N.E.2d 22 (1972) (explaining that phrase "unauthorized usurpation of judicial power" refers to a court's being " 'without jurisdiction whatsoever to act' "). Accordingly, we treated the relators' challenge in *Jackman* as a challenge to the jurisdictional power of the trial court. And because *Jackman* involved a challenge to the court's jurisdictional power, it does not support the issuance of a writ of prohibition in this case, which presents no question as to Judge McGinty's jurisdictional power.

{¶ 37} For the foregoing reasons, neither appellants nor NCVLI provides a sound basis for authorizing a writ of prohibition as the remedy to vindicate appellants' rights under Marsy's Law in this case.

*C. Adequate Remedy in the Ordinary Course of Law*

{¶ 38} The Eighth District also dismissed appellants' prohibition action because it determined that they had an adequate remedy at law by disobeying Judge McGinty's order and then appealing any resulting contempt order against them. 2019-Ohio-5129, 137 N.E.3d 1278, at ¶ 43. While acknowledging that the remedy "seems harsh" as applied to a crime victim, *id.*, the Eighth District relied on our decision in *Mason*, in which we determined that the prosecutor had an adequate remedy at law "by appeal to challenge any contempt order," 117 Ohio St.3d 1, 2007-Ohio-6754, 881 N.E.2d 224, at ¶ 15.

**{¶ 39}** We do not agree with the Eighth District's rationale in this respect. Marsy's Law expressly provides that a crime victim "may petition the court of appeals for the applicable district" when a trial court's ruling implicates the victim's rights. Article I, Section 10a(B), Ohio Constitution. Thus, Section 10a(B) specifically authorizes a victim to seek relief in the court of appeals. The provision does not contemplate making the victim disobey a court order and waiting for a contempt sanction before vindicating his rights under Marsy's Law.

**{¶ 40}** The foregoing analysis begs the question of what Article I, Section 10a(B) means in providing that a victim "may petition" the court of appeals when a trial court has denied one of the rights enumerated in Section 10a(A). Though the term "petition" is undefined in Section 10a(B), the ordinary meaning of the term is simply a "formal written request presented to a court," *Black's Law Dictionary* 1384 (11th Ed.2019).

**{¶ 41}** When applied to the jurisdiction of a court of appeals, the term "petition" is also associated typically with extraordinary-writ actions invoking the court of appeals' original jurisdiction. *See* R.C. 2725.04 ("Application for the writ of habeas corpus shall be by petition * * *"); R.C. 2731.04 ("Application for the writ of mandamus must be by petition * * *"); R.C. 2733.08 (an action in quo warranto for usurpation of office is brought by "petition"); *see also State v. Hughes*, 2019-Ohio-1000, 134 N.E.3d 710, ¶ 28 (8th Dist.) (lead opinion) (expressing the view that "petition" in Section 10a(B) means that a crime victim may invoke a court of appeals' original jurisdiction, possibly in mandamus). But the term "petition" could also include the appellate jurisdiction of a court of appeals. *See, e.g., Jones v. First Natl. Bank of Bellaire*, 123 Ohio St. 642, 176 N.E. 567 (1931), syllabus (referring to appellate review in court of appeals being pursuant to "a petition in error"); *Hughes* at ¶ 44 (Sheehan, J., concurring in judgment only) (opining that Section 10a(B) can reasonably be construed as granting a victim right to appeal).

Thus, the undefined term "petition" in Section 10a(B) is broad enough to encompass an original action *or* appellate review.

{¶ 42} We need not determine what "petition" means in the context of all the Marsy's Law rights under Section 10a(A) that a crime victim may seek to protect under Section 10a(B). In this case, which involves a discovery order that implicates Marsy's Law rights under Section 10a(A)(6), we conclude that appellants had a right to "petition" the court of appeals by taking an immediate appeal under R.C. 2505.02(B)(4).

{¶ 43} Generally, before amendments to R.C. 2505.02, discovery orders were not immediately appealable. *Walters v. Enrichment Ctr. of Wishing Well, Inc.*, 78 Ohio St.3d 118, 120-121, 676 N.E.2d 890 (1997). But under current law, certain discovery orders may be final and appealable if they meet the requirements of R.C. 2505.02(B)(4), which provides:

> An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> * * *
>
> (4) An order that grants or denies a provisional remedy and to which both of the following apply:
>
> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
>
> (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 44} A provisional remedy is "a proceeding ancillary to an action, including, but not limited to, * * * discovery of privileged matter." R.C. 2505.02(A)(3). As discussed above, it is at least arguable that Judge McGinty's order does not compel appellants to make their residence available for inspection. But if we assume that it does, the order is a provisional remedy as defined by R.C. 2505.02(A)(3).

{¶ 45} As appellants acknowledge, Judge McGinty's order does not implicate the discovery of records that are protected by a statutory or common-law privilege. But Article I, Section 10a(A)(6) of the Ohio Constitution is akin to a privilege. Much like other privileges in the law, Section 10a(A)(6) grants to a victim a special legal right not to disclose information under certain circumstances. *See Black's Law Dictionary* at 1449 (defining "privilege" as a "special legal right, exemption, or immunity granted to a person or class of persons; an exception to a duty"). Under Section 10a(A)(6), a crime victim has a constitutional privilege to refuse a discovery request made by the accused, albeit a qualified privilege subject to a trial court's determination that Article I, Section 10 of the Ohio Constitution overrides the victim's privilege and authorizes the discovery. We therefore conclude that Judge McGinty's order is a provisional remedy within the meaning of R.C. 2505.02(A)(3) because it grants discovery that is subject to appellants' constitutional privilege to refuse such discovery under Article I, Section 10a(A)(6).

{¶ 46} Having determined that Judge McGinty's order grants a provisional remedy, it then follows that it is a final, appealable order under R.C. 2505.02(B)(4). First, the order both determines the action with respect to the provisional remedy and prevents a judgment in appellants' favor with respect to the provisional remedy. *See* R.C. 2505.02(B)(4)(a). " 'Any order compelling the production of privileged or protected materials certainly satisfies R.C. 2505.02(B)(4)(a) because it would be impossible to later obtain a judgment denying the motion to compel disclosure if the party has already disclosed the materials.' " *In re Grand Jury Proceeding of*

*Doe*, 150 Ohio St.3d 398, 2016-Ohio-8001, 82 N.E.3d 1115, ¶ 21, quoting *Burnham v. Cleveland Clinic*, 151 Ohio St.3d 356, 2016-Ohio-8000, 89 N.E.3d 536, ¶ 30 (lead opinion). Similarly, here, once Counts and the defense team have conducted the inspection granted by Judge McGinty, it would no longer be possible for appellants to obtain a judgment preventing the inspection of their residence. *See id.*

**{¶ 47}** Judge McGinty's order also satisfies R.C. 2505.02(B)(4)(b), which requires a showing that appellants "would not be afforded a meaningful or effective remedy by an appeal following final judgment," *State v. Muncie*, 91 Ohio St.3d 440, 446, 746 N.E.2d 1092 (2001). In the context of an order to disclose materials protected by the attorney-client privilege, there is "the loss of a right that cannot be rectified by a later appeal." *In re Grand Jury Proceeding of Doe* at ¶ 22. A similar situation arises when a crime victim is ordered to provide discovery despite the protections of Article I, Section 10a(A)(6).

**{¶ 48}** The matter in dispute is whether Counts and the defense team may have access to appellants' residence for purposes of preparing a defense, notwithstanding appellants' qualified right under Marsy's Law to refuse such a request. The damage to appellants is the accused's mere access to their residence. An appeal after final judgment would not rectify the harm done by a loss of appellants' right to refuse the accused's discovery request. *See State v. Hendon*, 2017-Ohio-352, 83 N.E.3d 282, ¶ 10-11 (9th Dist.) (pre-Marsy's Law case holding that orders requiring a crime victim to produce medical records were final, appealable orders under R.C. 2505.02(B)(4)). The accused's having access to appellants' residence is an example of the proverbial bell that cannot be unrung. *See Muncie* at 451.

**{¶ 49}** For these reasons, Judge McGinty's order is a final, appealable order under R.C. 2505.02(B)(4), and appellants therefore had an adequate remedy in the

ordinary course of law that precludes relief in prohibition. The Eighth District was therefore correct to dismiss appellants' complaint.

## IV. Conclusion

{¶ 50} The right to "petition" a court of appeals under Article I, Section 10a(B) of the Ohio Constitution is not a license to allow a writ of prohibition when prohibition does not lie under our settled standards governing the writ. Because Judge McGinty did not lack subject-matter jurisdiction to issue his discovery order, a writ of prohibition is not the appropriate remedy to challenge it. Moreover, extraordinary relief in prohibition is barred because appellants had an adequate remedy in the ordinary course of law by way of an immediate appeal under R.C. 2505.02(B)(4). We therefore affirm the judgment of the Eighth District.

Judgment affirmed.

O'CONNOR, C.J., and DONNELLY and STEWART, JJ., concur.

FISCHER, J., concurs in judgment only.

KENNEDY, J., dissents, with an opinion joined by FRENCH and DEWINE, JJ.

_____

**KENNEDY, J., dissenting.**

{¶ 51} Because Marsy's Law, Article I, Section 10a of the Ohio Constitution, unequivocally grants a victim of crime the right to "petition" the court of appeals to enforce his or her right to refuse a discovery request, the complaint filed by appellants, Lavon Thomas and Felicia Kelly, states a claim for relief to prevent appellee, Cuyahoga County Court of Common Pleas Judge William T. McGinty, from enforcing his order granting the defendant's discovery request to inspect their home in a criminal case. Marsy's Law is expressly self-executing and supersedes all conflicting state law, and the fact that Thomas and Kelly styled the complaint as seeking a writ of prohibition is not fatal to their claim for relief, because they specifically asserted their right under Marsy's Law to refuse the discovery request.

{¶ 52} Further, the lead opinion's analysis confuses the law by suggesting that a writ of prohibition is limited to preventing a lower court from exceeding its subject-matter jurisdiction; it also will prevent judicial acts that violate constitutional rights when the relator lacks an adequate remedy by way of appeal. And contrary to the lead opinion's analysis, an interlocutory appeal of a discovery order is not available when the subjects of the order are not parties to the underlying case, and it therefore cannot be an adequate remedy in the ordinary course of the law precluding relief.

{¶ 53} Judge McGinty has failed to demonstrate beyond doubt that Thomas and Kelly can prove no set of facts that would entitle them to relief, and I therefore dissent and would reverse the judgment of the court of appeals dismissing their complaint and would remand the case to that court for consideration of the merits of the complaint.

## Facts and Procedural History

{¶ 54} Because this matter comes to us on appeal of the dismissal of Thomas and Kelly's complaint, we must presume the truth of the allegations in the complaint and draw all reasonable inferences in their favor. *State ex rel. Hemsley v. Unruh*, 128 Ohio St.3d 307, 2011-Ohio-226, 943 N.E.2d 1014, ¶ 8. Dismissal for the failure to state a claim upon which relief can be granted is appropriate only if it appears beyond doubt that they can prove no set of facts entitling them to the requested relief. *Id*.

{¶ 55} According to the allegations of the complaint, Thomas and Kelly are the victims of crimes committed by Kaylynn Counts, who has been indicted on multiple charges, including counts of attempted murder and felonious assault.

{¶ 56} In that criminal proceeding, Counts requested a court order allowing the defense to enter, inspect, and photograph Thomas and Kelly's home as the scene of the crimes. Judge McGinty granted the discovery request over the prosecutor's objection. According to the discovery order, which the complaint refers to, Judge

22

McGinty directed the prosecutor to arrange the inspection and ordered a bailiff and a sheriff's deputy to oversee it. Thomas and Kelly are not allowed to be present when the defense enters their home. The order does not list Thomas and Kelly as parties, nor does it indicate that they were present at the hearing on the discovery request.

{¶ 57} Thomas and Kelly filed a complaint for a writ of prohibition in the Eighth District Court of Appeals seeking to prevent Judge McGinty from enforcing the discovery order. However, they specifically asserted their right as victims of crime under Marsy's Law to refuse the discovery request and "to 'petition' the court of appeals for the applicable district * * * when trial courts deny victims their constitutionally guaranteed rights. Ohio Constitution, Article I, Section 10a(B)."

{¶ 58} The Eighth District granted Judge McGinty's motion to dismiss for failure to state a claim, holding that he had subject-matter jurisdiction to issue the discovery order and that neither Article I, Section 10a of the Ohio Constitution nor the Fourth Amendment to the United States Constitution deprived him of "the jurisdiction, the authority, to order an inspection of a crime scene, even if it is a private residence," 2019-Ohio-5129, 137 N.E.3d 1278, ¶ 42.

**Law and Analysis**

*Marsy's Law*

{¶ 59} The people of Ohio adopted Marsy's Law, Article I, Section 10a of the Ohio Constitution, "[t]o secure for victims justice and due process throughout the criminal and juvenile justice systems." Ohio Constitution, Article I, Section 10a(A). Section 10a(A)(1) grants a victim of a crime the right "to be treated with fairness and respect for the victim's safety, dignity and privacy," and Section 10a(A)(6) provides that "except as authorized by section 10 of Article I of this constitution" (pertaining to the rights of the accused), a victim has the right "to refuse an interview, deposition, or other discovery request made by the accused or any person acting on behalf of the accused."

{¶ 60} Article I, Section 10a(B) guarantees a victim of a crime the right to assert these rights in the criminal proceeding and to seek review if those rights are denied:

> The victim, the attorney for the government upon request of the victim, or the victim's other lawful representative, in any proceeding involving the criminal offense or delinquent act against the victim or in which the victim's rights are implicated, may assert the rights enumerated in this section and any other right afforded to the victim by law. If the relief sought is denied, *the victim or the victim's lawful representative may petition the court of appeals for the applicable district*, which shall promptly consider and decide the petition.

(Emphasis added.) Lastly, Section 10a(E) states that "[a]ll provisions of this section shall be self-executing and severable, and shall supersede all conflicting state laws."

{¶ 61} In this case, the prosecutor objected to Counts's discovery request on behalf of Thomas and Kelly, and they sought relief from the discovery order in the court of appeals. Although they framed their action as one seeking a writ of prohibition, they expressly cited and relied on the right to petition the court of appeals afforded by Article I, Section 10a(B) as vesting the Eighth District with jurisdiction over their claims and as supporting their request for relief. Because Thomas and Kelly unambiguously asserted rights under Section 10a, Judge McGinty was given sufficient notice to defend against their claims. Further, the prayer for relief sought "such further and other relief as the Court deems just and appropriate."

{¶ 62} And even if styling the complaint as seeking a writ of prohibition was improper, we have previously used our plenary power in reviewing original actions to recast the complaint to seek the appropriate relief. *E.g.*, *State ex rel. Dispatch Printing Co. v. Louden*, 91 Ohio St.3d 61, 66, 741 N.E.2d 517 (2001).

{¶ 63} Accordingly, Thomas and Kelly have plainly asserted their right to petition the court of appeals to protect their right to refuse Counts's discovery request under Article I, Section 10a.

*Interlocutory Appeal*

{¶ 64} The lead opinion states that the word "petition" as used in Article I, Section 10a(B) of the Ohio Constitution can mean either an original action in the court of appeals or an appeal of a discovery order to the court of appeals. Although the lead opinion says that "[w]e need not determine what 'petition' means in the context of all the Marsy's Law rights," in a subtle sleight of hand, it "conclude[s] that appellants had a right to 'petition' the court of appeals by taking an immediate appeal under R.C. 2505.02(B)(4)." Lead opinion at ¶ 42.

{¶ 65} In adopting Marsy's Law, the people of Ohio did not condition the right to petition the court of appeals on satisfying the requirements of R.C. 2505.02(B)(4). The people made the rights created by Article I, Section 10a, including the right to petition the court of appeals to vindicate those rights, self-executing. Section 10a expressly "supersede[s] all conflicting state laws" and leaves no room for the General Assembly to restrict the constitutional remedy by which victims of crime assert their rights. Therefore, a crime victim's right to petition the court of appeals is not conditioned on the existence of a "final order" as defined by R.C. 2505.02(B). Section 10a(B) says that a crime victim may petition the court of appeals for relief, and Thomas and Kelly did that here. Whether the General Assembly, going forward, may enact a specific statutory procedure to permit victims of crime to vindicate their rights under Marsy's Law is not a question currently in need of an answer.

{¶ 66} The lead opinion's claim that Thomas and Kelly had a right to an appeal pursuant to R.C. 2505.02(B)(4) is erroneous. They are not parties to the criminal case and lack standing to appeal. *See State ex rel. Toledo Blade Co. v. Henry Cty. Court of Common Pleas*, 125 Ohio St.3d 149, 2010-Ohio-1533, 926 N.E.2d 634, ¶ 19 (explaining that prohibition is the only remedy for nonparties to challenge a gag order and rejecting the argument that intervention and interlocutory appeal were adequate remedies); *In re T.R.*, 52 Ohio St.3d 6, 11, 556 N.E.2d 439 (1990) (newspaper that was not a party to the case may not appeal trial court's gag order). An interlocutory appeal is not a possibility for Thomas and Kelly.

{¶ 67} Here, Thomas and Kelly filed a petition asserting their state constitutional right to refuse to comply with Judge McGinty's discovery order. The court of appeals should have denied the motion to dismiss and given them the chance to prove, with evidence, that Article I, Section 10a guarantees to them the right to keep their alleged assailant from ejecting them from their home to inspect it.

*Prohibition*

{¶ 68} The lead opinion, however, reviews this case solely as a prohibition action, and its analysis introduces additional errors that demand a response.

{¶ 69} Initially, I agree with the lead opinion that Judge McGinty possessed subject-matter jurisdiction to issue discovery orders in the underlying prosecution. Subject-matter jurisdiction refers to the constitutional or statutory power of a court to adjudicate a particular class or type of case. *State v. Harper*, ___ Ohio St.3d ___, 2020-Ohio-2913, ___ N.E.3d ___, ¶ 23, citing *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 11-12, 34. " 'A court's subject-matter jurisdiction is determined without regard to the rights of the individual parties involved in a particular case.' " *Id.*, quoting *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 19. "Rather, the focus is on whether the forum itself is competent to hear the controversy." *Id.*, citing 18A Wright,

Miller & Cooper, *Federal Practice and Procedure*, Section 4428, at 6 (3d Ed.2017) ("Jurisdictional analysis should be confined to the rules that actually allocate judicial authority among different courts").

{¶ 70} "Article IV, Section 4(B) of the Ohio Constitution grants exclusive authority to the General Assembly to allocate certain subject matters to the exclusive original jurisdiction of specified divisions of the courts of common pleas." *State v. Aalim*, 150 Ohio St.3d 489, 2017-Ohio-2956, 83 N.E.3d 883, ¶ 2. And pursuant to R.C. 2931.03, "a common pleas court has subject-matter jurisdiction over felony cases." *Smith v. Sheldon*, 157 Ohio St.3d 1, 2019-Ohio-1677, 131 N.E.3d 1, ¶ 8. Accordingly, Judge McGinty possessed subject-matter jurisdiction when he issued the discovery order.

{¶ 71} That does not end the analysis. Prohibition will lie when the inferior court's exercise of judicial power is unauthorized by law and would result in an injury for which no other adequate remedy exists in the ordinary course of the law. *State ex rel. Elder v. Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628, 40 N.E.3d 1138, ¶ 13.

{¶ 72} Our prohibition cases involving gag orders issued in criminal cases and challenged by members of the press are informative. Those were cases in which the trial court possessed subject-matter jurisdiction over the criminal case yet we nonetheless issued writs of prohibition "to prevent courts from enforcing gag orders that unconstitutionally impair the press'[s] right to gather news," *State ex rel. Cincinnati Post v. Hamilton Cty. Court of Common Pleas*, 59 Ohio St.3d 103, 107, 570 N.E.2d 1101 (1991). We allowed members of the media to challenge orders impinging on their constitutional rights to a free press and open courts by seeking a writ of prohibition, recognizing that they had no adequate remedy in the ordinary course of the law, because they were not parties to the case and lacked the ability to appeal. *E.g., Toledo Blade*, 125 Ohio St.3d 149, 2010-Ohio-1533, 926 N.E.2d 634, at ¶ 19; *T.R.*, 52 Ohio St.3d at 11, 556 N.E.2d 439.

{¶ 73} According to the lead opinion, "these decisions can be reconciled with traditional writ-of-prohibition concepts. The lesson of the media cases is that trial courts have no jurisdictional power to close their courtrooms or restrict reporting of proceedings unless they follow proper procedures for doing so." Lead opinion at ¶ 33. This language propagates the confusion we have so often sought to clarify between the *existence* of subject-matter jurisdiction (which involves only whether the court has the constitutional and statutory power to hear that specific type of case) and the *exercise* of that subject-matter jurisdiction, which "once conferred, * * * remains," *Pratts*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, at ¶ 34; *see generally Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, at ¶ 18 ("The often unspecified use of this polysemic word ['jurisdiction'] can lead to confusion and has repeatedly required clarification as to which type of 'jurisdiction' is applicable in various legal analyses").

{¶ 74} In the gag-order cases, we reviewed the trial court's *exercise* of jurisdiction, considering whether the court conducted a hearing and made specific findings on the record showing that the accused's right to a fair trial would be jeopardized by publicity and that there were no reasonable alternatives to a gag order that would adequately protect the accused's right. *See Toledo Blade* at ¶ 28-30. We have never held, as the lead opinion now suggests, that a trial court has subject-matter jurisdiction to enter a gag order only if it exercises that jurisdiction properly.

{¶ 75} It is not necessary to decide whether a writ of prohibition would have been available to Thomas and Kelly. Marsy's Law has provided them with the right to petition the court of appeals to vindicate their right to refuse the discovery request, and they exercised that right. That should determine the outcome of this case.

**Conclusion**

**{¶ 76}** For these reasons, Judge McGinty failed in his burden to demonstrate beyond a doubt that Thomas and Kelly can prove no set of facts that would entitle them to relief.  I therefore dissent and would reverse the judgment of the court of appeals dismissing their complaint and would remand the case to that court for consideration of the merits of the complaint.

FRENCH and DEWINE, JJ., concur in the foregoing opinion.

————————————

Ohio Crime Victim Justice Center and Elizabeth A. Well, for appellants.

Law Office of Timothy Farrell Sweeney and Timothy F. Sweeney, for appellee.

Rittgers & Rittgers and Konrad Kircher, urging reversal for amicus curiae National Crime Victim Law Institute.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Katherine Mullin and Anthony T. Miranda, Assistant Prosecuting Attorneys, urging reversal for amicus curiae Cuyahoga County Prosecutor's Office.

Mark A. Stanton, Cuyahoga County Public Defender, and Erika B. Cunliffe and John T. Martin, Assistant Public Defenders, urging affirmance for amicus curiae Cuyahoga County Public Defender.

————————————