[Cite as *Organ Cole, L.L.P. v. Andrew*, 2021-Ohio-924.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Organ Cole, LLP, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 20AP-65 |
| v. | : | (C.P.C. No. 18CV-6818) |
| Carleton Scott Andrew et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellants. | : | |

D E C I S I O N

Rendered on March 23, 2021

**On brief:** *Cooper & Elliott, LLC, Charles H. Cooper, Jr.,* and *Barton R. Keyes,* for appellee. **Argued:** *Charles H. Cooper, Jr.*

**On brief:** *Arenstein & Andersen Co., LPA, Nicholas I. Andersen, Eric R. McLoughlin,* and *Jessica L. Sohner,* for appellants. **Argued:** *Nicholas I. Andersen.*

APPEAL from the Franklin County Court of Common Pleas

MENTEL, J.

{¶ 1} Defendants-appellants, Carleton Scott Andrew and Retail Service Systems, Inc. ("RSS"), appeal from an order of the Franklin County Court of Common Pleas sustaining a motion to compel filed by plaintiff-appellee, Organ Cole, LLP ("Organ Cole"), arguing that the trial court improperly ordered the disclosure of RSS's trade secrets. Organ Cole has filed a motion to dismiss the appeal for lack of jurisdiction on the grounds that the trial court's ruling is not a final, appealable order. For the reasons that follow, we sustain Organ Cole's motion and dismiss the appeal.

{¶ 2} In November 2012, Mr. Andrew hired Organ Cole to collect on a judgment that he had obtained in 2011. (Oct. 1, 2018 Second Am. Compl. at ¶ 9.) Under the parties' fee agreement, Mr. Andrew agreed to pay Organ Cole 15 percent of any "Net Recovery" of the judgment obtained before a hearing, or 20 percent if a hearing was required. (Second Am. Compl., Ex. 1 at 2.) The agreement defined "Net Recovery" as "the amount remaining

after the total amount received (whether by settlement, arbitration award, or court judgment)," minus costs. *Id.* Mr. Andrew admits that "Organ Cole vigorously represented" his interests and, after a hearing, "obtained a favorable settlement" that included "most" of the debtor's assets, "including intellectual property and proprietary marketing materials related to [its] business, and contract rights regarding [its] former dealers and franchisees." (Oct. 15, 2018 Answer at ¶ 2.) He also admits that "after obtaining this settlement," he transferred the debtor's "assets to a newly formed entity," RSS, and "began to carry on" the debtor's business. *Id.* Organ Cole alleges that the fee agreement entitles it to "either a 20% interest in the assets themselves, or 20% of the value of the assets at the time" of settlement, which it values at $345,000, and that Mr. Andrew never honored the agreement. (Second Am. Compl. at ¶ 13-14.) Organ Cole continued to perform legal work for Mr. Andrew and RSS, but eventually filed the present lawsuit to collect on allegedly unpaid fees. (Second Am. Compl. at ¶ 15-72.)

{¶ 3}   During discovery, a dispute arose concerning the disclosure of RSS's financial documents. Organ Cole requested its "federal, state and local tax returns" since 2013, "all financial statements," including "income statements and revenue streams, accounts receivable, and financial projections" since 2013, and any documents supporting claims that RSS had made regarding its annual revenue and growth rate. (Aug. 27, 2019 Mot. to Compel, Ex. A.) RSS objected to these requests. (Mot. to Compel, Ex. B at 15-17.) Organ Cole filed a motion to compel, arguing that the documents were "run-of-the-mill financial information" that were relevant to the valuation of RSS and Mr. Andrews' prior assertions that the company "lacked the resources" to pay for the legal fees owed. (Mot. to Compel, Ex. B at 7-8.)

{¶ 4}   Mr. Andrew and RSS opposed Organ Cole's motion to compel and moved the trial court for a protective order under Civ.R. 26(C) to prevent disclosure of the financial documents. (Aug. 21, 2019 Combined Mot. and Memo. in Opp.) They argued that Organ Cole's requests were not relevant to its collection claim because, as stated in the complaint, the firm was only entitled to a percentage of what the debtor's assets were worth at the times of settlement, not their value "six years later." (Combined Mot. and Memo. in Opp. at 8.) They criticized attorney Shawn Organ for testifying during his deposition that Organ Cole "was now asserting a claim to a present 20% interest in RSS, an entirely new theory and one that is not supported by a shred of evidence." (Combined Mot. and Memo. in Opp. at

2.) Mr. Andrew and RSS also resisted Organ Cole's discovery request for purportedly seeking "trade secrets or other confidential research, development, or commercial information" subject to a protective order under Civ.R. 26(C). (Combined Mot. and Memo. in Opp. at 5.) An attached affidavit sworn by Mr. Andrew stated that the financial documents sought by Organ Cole were "secret, confidential and proprietary information," accused the firm of "improperly shared confidential information" in the complaint by disclosing recovery sums and asserted a fear that the firm would "publicly disclose or otherwise misuse" the information and cause "grievous economic harm" to RSS. (Combined Mot. and Memo. in Opp., Ex. B at 2-3.)

{¶ 5} The trial court rejected these arguments and sustained Organ Cole's motion. It considered the relevancy argument premature to consider because the discovery dispute was "not a motion for summary judgment. The merits of Plaintiff's claims are not yet before the Court." (Jan. 9, 2020 Entry at 3.) The trial court also rejected the assertion that RSS's financial documents amounted to trade secrets: "Defendants fail to cite any case law supporting Mr. Andrew's conclusion that general financial information, like tax returns, financial statements, revenue figures, banking information, profit and loss statements, financial projections, and the like are trade secrets requiring protection." (Entry at 3-4.) Accordingly, the trial court granted Organ Cole's motion to compel. However, noting that Mr. Andrew and RSS "seem[ed] concerned with the protection of the materials," it ordered the parties to "create an agreed protective order covering the exchange of the materials and submit it to the Court by February 3, 2020," with a further deadline of March 6, 2020 for their disclosure.

{¶ 6} On January 31, 2020, Mr. Andrew and RSS appealed the trial court's ruling. They assert the following assignment of error:

> The trial court erred when it granted Plaintiff-Appellee Organ Cole, LLP's Motion to Compel and ordered Defendant-Appellant Retail Service Systems, Inc. to produce irrelevant documents and deposition testimony containing trade secrets and other confidential information without first conducting a hearing and an in-camera review.

{¶ 7} Organ Cole has responded to the appeal with a brief addressing its merits, but also with a motion to dismiss arguing that this court lacks jurisdiction because the trial court's discovery ruling was not a final, appealable order. When a party raises this threshold

issue, "we begin by examining the question of the court's jurisdiction." *Jack Maxton Chevrolet, Inc. v. Hanbali*, 10th Dist. No. 15AP-816, 2016-Ohio-1244, ¶ 5.

**{¶ 8}** "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders" from the courts of common pleas. Ohio Constitution, Article IV, Section 3. "As a general rule, discovery orders are interlocutory in nature, and not immediately appealable." (Citations omitted.) *Dispatch Printing Co. v. Recovery L.P.*, 166 Ohio App.3d 118, 2006-Ohio-1347, ¶ 7 (10th Dist.). However, "certain discovery orders may be final and appealable if they meet the requirements of R.C. 2505.02(B)(4)." *State ex rel. Thomas v. McGinty*, ___ Ohio St.3d ___, 2020-Ohio-5452, ¶ 43 (slip opinion). The statute allows appellate review of "[a]n order that grants or denies a provisional remedy" that meets two conditions. R.C. 2505.02(B)(4). First, "[t]he order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy." R.C. 2505.02(B)(4)(a). Second, "[t]he appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." *Id.*

**{¶ 9}** The definition of a "provisional remedy" includes "a proceeding ancillary to an action, including * * * discovery of privileged matter." R.C. 2505.02(B)(4). A discovery ruling ordering the disclosure of trade secrets constitutes a provisional remedy under R.C. 2505.02(B)(4), and, hence, a final, appealable order. *Dispatch Printing Co.* at ¶ 8, citing *Gibson-Myers & Assocs. v. Pearce*, 9th Dist. No. 19358 (Oct. 27, 1999). In *Dispatch Printing Co.*, we adopted the Ninth District Court of Appeal's reasoning in *Gibson-Myers* as to why an order to disclose trade secrets qualifies as a provisional remedy under R.C. 2505.02(B)(4):

> "If a trial court orders the discovery of trade secrets and such are disclosed, the party resisting discovery will have no adequate remedy on appeal. The proverbial bell cannot be unrung and an appeal after final judgment on the merits will not rectify the damage. In a competitive commercial market where customers are a business' most valuable asset and technology changes daily, disclosure of a trade secret will surely cause irreparable harm."

*Id.,* quoting *Gibson-Myers*.

{¶ 10} There is one additional jurisdictional contour relevant to such orders. If the trial court's ruling contains "adequate safeguards" to protect a party's trade secrets from damaging disclosure, the ruling is not a provisional remedy subject to interlocutory appeal. *Id.* at ¶ 10. In *Dispatch Printing Co.*, we held that the following order satisfied this standard: "Concerns about public disclosure of proprietary information and trade secrets can be resolved by an appropriate protective order. Plaintiffs have offered a comprehensive confidentiality agreement. The court is satisfied that any legitimate trade secrets or proprietary information can be protected from public disclosure." Even though "the exact type of safeguards and the mechanics of how they will be implemented [were] not clear, the trial court did indicate the use of protective orders and confidentiality agreements." *Id.* at ¶ 13. This served as adequate assurance that the trial court would take the steps "necessary to protect the dissemination of proprietary material and trade secret information." *Id.*

{¶ 11} Organ Cole argues that here, as well, "adequate safeguards" were in place, as evidenced by the ruling requiring the parties to prepare a protective order for the trial court's review. (Mar. 25, 2020 Mot. to Dismiss at 19.) Thus, Organ Cole believes that under *Dispatch Printing Co.*, we lack jurisdiction over the appeal. *Id.*

{¶ 12} Mr. Andrew and RSS counter that the trial court ruling in *Dispatch Printing Co.* was a "directory order" and not an order to produce specific documents, whereas they have appealed from an "order compelling the production of information that RSS alleges contains trade secrets and other confidential information that Ohio courts have repeatedly held are final appealable orders." (Aug. 7, 2020 Combined Memo. in Opp. at 9.) They argue that the trial court failed to meet the "adequate safeguards" standard of *Dispatch Printing Co.* because its order "failed to define the terms of the agreed protective order" and it did not "hold a hearing or [] conduct an in-camera review prior to ordering RSS to disclose the requested information." (Combined Memo. in Opp. at 10.)

{¶ 13} We are not persuaded by these somewhat strained distinctions. In *Dispatch Printing Co.*, we emphasized that "[it] is important to bear in mind the underlying rationale for finding an order compelling discovery to be a final appealable order, which is to prevent the dissemination of protected materials, and avoid the quagmire of being unable to unring the proverbial bell." *Dispatch Printing Co.* at ¶ 13. The question is whether the trial court's order demonstrates a sensitivity to the protesting party's concerns and an intention to take the necessary steps to protect the materials. In this case, the trial court went beyond the

*Dispatch Printing Co.* standard, where a protective order and "hearings, in camera inspections, and the like, [if] warranted," were merely contemplated. *Dispatch Printing Co.* at ¶ 13. Here, the trial court actually required a protective order. In addition, it ordered that the parties submit the order for its review one month before the deadline for disclosure. This demonstrated the trial court's willingness to oversee the process and protect the materials from the danger of "unfettered discovery coupled with the danger of being unable to unring the proverbial bell." *Id.* at ¶ 9. Rather than avail themselves of this opportunity, Mr. Andrew and RSS appealed, which undercut the trial court's ability to implement the safeguards that were wholly adequate to address the concerns raised.

{¶ 14} Because the trial court's order met the *Dispatch Printing Co.* standard for protecting any trade secrets of RSS, it was not a provisional remedy that qualifies as a final, appealable order under R.C. 2505.02. Thus, we lack jurisdiction to review the substance of the trial court's order beyond the "adequate safeguards" it created. Mr. Andrew and RSS's challenge to the trial court's conclusion that the information did not actually constitute trade secrets, as well as the argument that the trial court erred by failing to "conduct an evidentiary hearing [or] an in-camera review" prior to making this ruling, remain for the time being outside the boundaries of appellate review. (Combined Memo. in Opp. at 12.) *See Schottenstein, Zox & Dunn v. McKibben,* 10th Dist. No. 01AP-1384, 2002-Ohio-5075 (overruling a motion to dismiss the appeal for lack of jurisdiction because "the trial court's decision on the motion to compel discovery constitute[d] a final appealable order" under R.C. 2505.02, thereby allowing it to reach the merits and hold that the trial court erred by failing to conduct "an in-camera review of the client file which was subject to the discovery order").

{¶ 15} Having determined that the trial court's order is not a final, appealable order, we conclude that we lack jurisdiction to hear the appeal and sustain Organ Cole's motion. The appeal is dismissed.

*Motion to dismiss sustained; appeal dismissed.*

KLATT and BEATTY BLUNT, JJ., concur.

_____