[Cite as *State v. Wagner*, 2025-Ohio-542.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PIKE COUNTY

STATE OF OHIO,                          :

   Plaintiff-Appellant,                 :            Case No. 24CA932

           v.                              :

GEORGE WASHINGTON WAGNER, III,:            DECISION AND JUDGMENT
                                        ENTRY
                                 :

   Defendant-Appellee.                  :            **RELEASED 2/14/2025**

_____

APPEARANCES:

Morgan Galle, Powell, Ohio, for appellant.

Kort Gatterdam, Mark C. Collins, and Thomas F. Hayes, Columbus, Ohio for appellee.

_____

HESS, J.

{¶1}   This is an appeal from a Pike County Common Pleas Court decision that indicated that the trial court would change the venue of the trial once the court locates suitable facilities.

{¶2}   Appellant, T.R., an alleged victim,[1] assigns the following error for review:

> "THE TRIAL COURT ERRED IN CHANGING THE VENUE
> OF THE JURY TRIAL WITHOUT CONSIDERING INPUT

---

[1] As appellee observes, the trial court record does not contain a finding that T.R. is a "victim" as defined in the Ohio Constitution. Ohio Const., art. I, § 10a(D) ("As used in this section, 'victim' means a person against whom the criminal offense or delinquent act is committed or who is directly and proximately harmed by the commission of the offense or act. The term 'victim' does not include the accused or a person whom the court finds would not act in the best interests of a deceased, incompetent, minor, or incapacitated victim."). For purposes of this appeal only, we presume that T.R. is a victim. We hasten to add that we do not intend to diminish the harm that the victim(s) suffered. We simply note that the record before us does not contain any information to show that appellant is a victim.

FROM THE VICTIMS BECAUSE THE CHANGE OF VENUE WILL VIOLATE THE VICTIMS' CONSTITUTIONAL AND STATUTORY RIGHTS TO BE PRESENT FOR THE ENTIRETY OF TRIAL AND THEIR CONSTITUTIONAL RIGHT TO BE TREATED WITH FAIRNESS AND RESPECT FOR THEIR DIGNITY."

{¶3}    This appeal arises out of the horrific murders of multiple members of the same family.  In 2018, a Pike County Grand Jury returned an indictment that charged George Washington Wagner, III, defendant below and appellee herein, with multiple criminal offenses, including eight counts of aggravated murder.  Six years later, the case has yet to be tried due, in part, to multiple members of the Wagner family being indicted, convicted and sentenced.

{¶4}    On September 3, 2024, appellee filed an amended motion to change venue. On November 25, 2024, the trial court granted appellee's motion to change venue.  The court determined that prejudice is presumed due to "the intense scope of media coverage in this case–and other closely related cases."  The court concluded that given the "small population of Pike County and the intense media coverage . . . no jury could truthfully answer that they have no prior knowledge of the horrendous facts of this case."  The court did not believe that attempting to seat a jury would be prudent because the court ultimately would determine that an impartial jury could not be seated, which would require the court to transfer venue.  The court thus saw a change in venue as the eventual outcome and found that transferring venue would ensure that the "case proceeds without risk of further delay."

{¶5}    The trial court also pointed out that "administrative speedy trial derived from the Rules of Superintendence must be considered–especially with today's expectations

from the Ohio Supreme Court." The court found that it "should anticipate problems, steer clear of them and guide cases to resolution in a more timely manner." The court additionally indicated that "the victims continue to attend [c]ourt proceedings" and stated that "they should not be caught in the delay later likely to be needed to reset the trial." The court found that changing venue thus would benefit all parties and the victims.

{¶6} In its order, the court stated that appellee's "amended motion for change of venue will be granted" and that it would "journalize its [o]rder at such time as suitable facilities are identified and cooperation is assured so that the new venue can be specified." The court directed that, in the meantime, "all pleadings shall be filed–and all proceedings will be held–in Pike County as presently occur." This appeal followed.[2]

{¶7} Before we may consider the merits of appellant's assignment of error, we first must consider whether we have jurisdiction to review the trial court's decision. *E.g., Whitaker–Merrell v. Geupel Co.*, 29 Ohio St.2d 184, 186 (1972) (explaining that appellate court must sua sponte consider jurisdiction); *State v. Kitchen*, 2018-Ohio-5244, ¶ 21 (4th Dist.) (addressing, sua sponte, jurisdiction to hear appeal). Courts of appeals have "jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." Section 3(B)(2), Article IV, Ohio Constitution; *see State v. Anderson*, 2014-Ohio-542, ¶ 29 ("R.C. 2953.02 authorizes appellate courts to review the judgment or final order of a trial court in a criminal case.").

{¶8} A "judgment" generally means "'[a] court's final determination of the rights

---

[2] The litigants, with the court's permission, agreed to extend the time limits contained in R.C. 2930.19(A)(2)(b)(ii).

and obligations of the parties in a case.'" *State v. Jones*, 2024-Ohio-2719, ¶ 14, quoting

*Black's Law Dictionary* (11th Ed. 2019).

{¶9}    Appellate courts that are determining whether a trial court's order

constitutes a criminal proceeding is a "final order" "must apply the definitions of 'final order'

contained in R.C. 2505.02." *State v. Anderson*, 2014-Ohio-542, ¶ 29.  R.C. 2505.02(B),

as amended effective October 24, 2024, defines a "final order"[3] as follows:

> An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
> (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
> (3) An order that vacates or sets aside a judgment or grants a new trial;
> (4) An order that grants or denies a provisional remedy and to which both of the following apply:
> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
> (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
> (5) An order that determines that an action may or may not be maintained as a class action;
> (6) An order determining the constitutionality of any changes to the Revised Code made by Am. Sub. S.B. 281 of the 124th general assembly . . .;
> (7) An order in an appropriation proceeding that may be appealed pursuant to division (B)(3) of section 163.09 of the Revised Code;
> (8) An order restraining or restricting enforcement, whether on a temporary, preliminary, or permanent basis, in whole or in part, facially or as applied, of any state statute or regulation, including, but not limited to, orders in the form of injunctions, declaratory judgments, or writs.

---

[3] The Ohio Supreme Court has indicated that the terms "judgment" and "final order" are "synonymous." *State v. Craig*, 2020-Ohio-455, ¶ 20.

{¶10} Thus, "an order must be final before it can be reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction.'" *Gehm v. Timberline Post & Frame*, 2007-Ohio-607, ¶ 14, quoting *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989); *Jackson* at ¶ 46 (stating that courts lack "jurisdiction over orders that are not final appealable"). If a court's order is not final, we must dismiss the appeal. *Eddie v. Saunders*, 2008-Ohio-4755, ¶ 11 (4th Dist.).

{¶11} A trial court's decision regarding a motion to change venue in a criminal trial is not a judgment, and it is not a final order. *See State ex rel. Dannaher v. Crawford*, 78 Ohio St.3d 391, 395 (1997) ("an order changing venue does not constitute a final appealable order"); *State ex rel. Starner v. DeHoff*, 18 Ohio St.3d 163, 165 (1985) (because "a proceeding for a change of venue is not a special proceeding, and [because] a change of venue order does not determine the action, nor prevent a judgment, a change-of-venue order . . . is not a final appealable order and is reviewable only after a final judgment is entered in the case."). Furthermore, when the trial court's entry uses language that indicates a more definitive entry will follow, then the court's order is not a final order. *See State ex rel. Keith v. McMonagle*, 2004-Ohio-5580, ¶ 4, quoting *Bell v. Horton*, 142 Ohio App.3d 694, 696 (4th Dist. 2001) (an order that "'contemplates that further action must be taken is not a final appealable order'").

{¶12} In the case at bar, the trial court's decision prospectively granting appellee's motion to change venue is not a judgment, and it is not a final order under R.C. 2505.02. *See Dannaher*; *Starner*. The court's order granting appellee's motion to change venue is

not a final determination of the parties' respective rights and obligations,[4] and it does not satisfy any of the final order definitions contained in R.C. 2505.02(B).

**{¶13}** Importantly, however, Marsy's Law gives crime victims a right to appeal a trial court's decision that denies a victim's request to enforce the victim's constitutional rights. *See* Ohio Const., art. I, § 10a(B) ("If the relief sought is denied, the victim or the victim's lawful representative may petition the court of appeals for the applicable district, which shall promptly consider and decide the petition."); R.C. 2930.19(A)(2)(b)(i) ("If the court denies the relief sought, the victim . . . may appeal or, if the victim has no remedy on appeal, petition the court of appeals or supreme court for an extraordinary writ, and the victim has standing to assert a right of limited appeal as it pertains to the decisions impacting the rights of the victim."); *State v. Brasher*, 2022-Ohio-4703, ¶ 22 (lead opinion) ("when a victim of a crime seeks enforcement of his or her constitutional rights by submitting a request to the trial court, the victim has standing to file a direct appeal"). *Compare State ex rel. Thomas v. McGinty*, 164 Ohio 2020-Ohio-5452, ¶ 42 and 45 (lead opinion) (stating that a victim could immediately appeal a trial court's discovery order as a provisional remedy under R.C. 2505.02(B)(4) when the order granted "discovery that is subject to [the victims'] constitutional privilege to refuse such discovery under Article I, Section 10a(A)(6)") *with id.* at ¶ 65 (Kennedy, J., dissenting) ("In adopting Marsy's Law, the people of Ohio did not condition the right to petition the court of appeals on satisfying the requirements of R.C. 2505.02(B)(4)," and "a crime victim's right to petition the court of appeals is not conditioned on the existence of a 'final order' as defined by R.C.

---

[4] We further note that a victim is not a "party" to a criminal proceeding. *State v. Montgomery*, 2022-Ohio-2211, ¶ 16.

2505.02(B).").[5]

**{¶14}** As relevant here, Marsy's Law provides crime victims with the following constitutional rights:

> (1) to be treated with fairness and respect for the victim's safety, dignity and privacy;
> (2) upon request, to reasonable and timely notice of all public proceedings involving the criminal offense or delinquent act against the victim, and to be present at all such proceedings . . .

**{¶15}** Victims have "standing as a matter of right to assert, or to challenge an order denying, the rights of the victim provided by law in any judicial or administrative proceeding." R.C. 2930.19(A)(1); *accord* Ohio Const., art. I, § 10a(B) ("The victim, . . . in any proceeding involving the criminal offense or delinquent act against the victim or in which the victim's rights are implicated, may assert the rights enumerated in this section and any other right afforded to the victim by law."). If the trial court denies the victim's request for relief, the trial court must give the victim (1) notice of the decision and a copy of the judgment entry and (2) a specific notice that informs the victim of the victim's appeal rights or right to file an extraordinary writ. 2930.19(A)(2)(a).

**{¶16}** In the case at bar, the trial court's decision did not deny appellant any relief that appellant had requested. Notably, the trial court has yet to change the venue of the trial. Instead, the court stated that appellee's motion to change venue "will be granted."

---

[5] More recently, a majority of the Ohio Supreme Court referred to the lead opinion's approach in *McGinty*. *See State ex rel. Ctr. for Media & Democracy v. Yost*, 2024-Ohio-2786, ¶ 22 ("In *State ex rel. Thomas v. McGinty*, 164 Ohio St.3d 167, 2020-Ohio-5452, 172 N.E.3d 824, we dealt with the question whether Marsy's Law, Ohio Const., art. I, § 10a, allowed a victim the right to immediately appeal a discovery order. We explained that the right asserted by the victim did not implicate 'the discovery of records that are protected by a statutory or common-law privilege.' *McGinty* at ¶ 45. Nonetheless, we concluded that the trial court's discovery order constituted a provisional remedy because the constitutional protection afforded to the victim by Marsy's Law was 'akin to a privilege.' *Id.*").

The court explained that it "will journalize its [o]rder at such time as suitable facilities are identified and cooperation is assured so that the new venue can be specified." The court also maintained Pike County as the venue for the proceedings until it located an appropriate venue for the trial. Because the court's decision did not actually transfer venue, the decision did not deny appellant any right that appellant may have, pursuant to Marsy's Law, to be present for the proceedings.

**{¶17}** Appellant additionally asserts that "the trial court violated the victims' constitutional rights to be treated with fairness and respect for their dignity" by not considering "any objection or input from [appellant] or other victims present." Appellant did not, however, ask the court for permission to offer an objection or input regarding the court's consideration of appellee's motion to change venue. Furthermore, appellant did not argue that the court failed to treat him with fairness and respect for his dignity. Thus, the court did not deny appellant any requested relief as it pertains to the constitutional right to be treated with fairness and respect for his dignity.

**{¶18}** Consequently, any claims that appellant may have under Marsy's Law are not ripe for appellate review.[6] *See State v. Cunningham*, 2021-Ohio-4053, ¶ 10 (11th Dist.) (concluding that Marsy's Law issue was not justiciable on appeal when trial court had not considered or ruled upon the issue); *see also State v. Gronbeck*, 2024-Ohio-26, ¶ 19 and 20 (2d Dist.) (dismissing appeal for lack of a final order when the victims' "right

---

[6] For this reason, we express no opinion regarding whether changing the venue of the trial violates the alleged victim's constitutional rights to be treated with fairness and respect and to be present for the entirety of the trial.

We further note that "[a]ny decision to change venue rests largely within the discretion of the trial court," *State v. Grate*, 2020-Ohio-5584, ¶ 50, and a reviewing court "will not disturb a trial court's decision on a venue motion unless the trial court abused its discretion." *State v. Beasley*, 2018-Ohio-493, ¶ 112.

under the Ohio Constitution to refuse a discovery request has not yet been denied").

Based upon the foregoing reasons, we lack jurisdiction over this appeal. *See State ex rel. Elyria Foundry Co. v. Indus. Comm.*, 82 Ohio St.3d 88, 89, 694 N.E.2d 459 (1998) ("'the prerequisite of ripeness is a limitation on jurisdiction'"). Accordingly, we must dismiss this appeal.

**APPEAL DISMISSED.**

## JUDGMENT ENTRY

It is ordered that the appeal be dismissed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pike County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J., & Wilkin, J.: Concur.

**FOR THE COURT**

_____
Michael D. Hess
Administrative Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**