[Cite as *State v. Russell*, 2025-Ohio-4424.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
### PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2025-P-0030 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| JOHN B. RUSSELL, | |
| Defendant-Appellee, | Trial Court No. 2024 CR 00783 |
| (M.E.J., | |
| Appellant). | |

## OPINION AND JUDGMENT ENTRY

Decided: September 22, 2025
Judgment: Affirmed

*Connie J. Lewandowski*, Portage County Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*John B. Russell*, pro se, 879 Kickapoo Avenue, Akron, OH 44305 (Defendant-Appellee).

*M.E.J.*, pro se, P.O. Box 5, Aurora, OH 44202 (Appellant).


ROBERT J. PATTON, P.J.

{¶1}   Appellant, M.E.J., appeals from the judgment of the Portage County Court of Common Pleas sentencing the defendant, John B. Russell ("Russell") to four years of community control as a result of his conviction of nonsupport of dependents, a felony of the fifth degree, in violation of R.C. 2919.21. M.E.J. brings this appeal under Article I, Section 10a of the Ohio Constitution, commonly known as Marsy's Law ("Marsy's Law").

{¶2} On appeal, M.E.J. asserts that the trial court erred when it failed to order restitution in the amount owed for child support. M.E.J. also alleges that the trial court erred by failing to consider the presentence investigation report ("PSI"). M.E.J. further claims on appeal that the trial court erred in imposing a lenient sentence on the defendant in this case.

{¶3} Upon review, we conclude that the trial court did not violate M.E.J.'s constitutional rights as enumerated in Marsy's Law. The trial court provided M.E.J. with notice and an opportunity to be heard at the sentencing hearing. M.E.J. declined to make a statement at the sentencing hearing. M.E.J. provided a victim impact statement which was attached to the PSI. The trial court expressly stated in the sentencing entry that it considered any victim impact statement.

{¶4} While the trial court did not order restitution, it instead ordered Russell to pay his monthly child support obligations and any arrearages as a condition of his community control sanctions. Therefore, the trial court did acknowledge and recognize M.E.J.'s economic loss. We conclude that such order satisfies the victim's right to restitution under Marsy's Law. As to the assignments of error that relate to the length of Russell's sentence, we find that Marsy's Law does not extend a right to the victim to appeal the length of a defendant's sentence.

{¶5} None of M.E.J.'s assignments of error are meritorious; thus, the judgment of the Portage County Court of Common Pleas is affirmed.

Case No. 2025-P-0030

**Substantive and Procedural Facts**

{¶6}    Russell and M.E.J. are the parents of a minor child (d.o.b. 6/30/2020) who, according to M.E.J., has special needs. Russell was ordered to provide financial support to the minor child in Portage County Domestic Relations Court Case No. 2023 DR 00566.

{¶7}    On September 16, 2024, the Portage County Grand Jury returned an indictment charging Russell with nonsupport of dependents. The indictment specified that Russell failed to provide adequate support to a minor child "from on or about June 1, 2022 up to and including May 31, 2020." Russell entered a plea of not guilty to the charges at arraignment on October 8, 2024. A personal recognizance bond was set in the amount of $35,000 with the condition that Russell report to Mid-American Court Services for random substance abuse testing.

{¶8}    On March 19, 2025, Russell appeared before the trial court, with counsel, and entered a guilty plea to the indictment. The trial court determined that Russell knowingly and voluntarily entered his plea. A PSI was ordered and bond was continued.[1] The following day, March 20, 2025, M.E.J. filed a motion to modify sentencing to include restitution under R.C. 2929.18(A)(1).

{¶9}    A sentencing hearing was held on May 6, 2025. During the hearing, defense counsel acknowledged receipt of the PSI and informed the trial court that he had discussed it with Russell. A financial statement from the Portage County Department of Jobs and Family Services, Child Support Enforcement Agency included in the PSI, indicated that Russell owed a total unpaid balance of $14,414.30 to M.E.J as of March 20, 2025. Russel's monthly obligation was $629.26. Also attached to the PSI was a victim

---

1. The transcripts of the plea hearing are not part of the record on appeal. There is no indication that the victim appeared at the plea hearing.

Case No. 2025-P-0030

impact statement wherein M.E.J. requested a sentence of "two years in prison pursuant to R.C. 2929.13, 2929.15, and R.C. 2929.15(A)(1) and full restitution in the amount of $14,946."

{¶10} During the sentencing hearing, the trial court asked if the victim, presumably M.E.J., would like to be heard. M.E.J. responded, "[Russell]'s been making payments, so I don't want to make a statement now." The trial court found Russell amenable to community control sanctions and sentenced him to 12 months of intensive supervised probation followed by 36 months of basic probation for an aggregate sentence of 4 years of community control. As a condition of his community control, Russell was required to pay his "monthly child support and any arrearages as ordered by the court of jurisdiction." The trial court also imposed a fine of $300 and court costs. In the sentencing entry, the trial court stated: "The Court also considered the evidence presented by counsel, oral statements, any victim impact statement, and the Defendant's statement."

{¶11} On May 12, 2025, M.E.J. filed a document in the court below captioned "Outstanding Issues" wherein M.E.J. sought modification of Russell's sentence, alleging the trial court failed to consider the victim's request for restitution and the victim's impact statement.

{¶12} On May 23, 2025, M.E.J. filed the instant appeal from the trial court's sentencing entry. Neither Russell nor the State of Ohio filed a brief in this case.

{¶13} While this appeal was pending, M.E.J. filed several pleadings in this court in addition to her brief including: the June 2, 2025 "Notice of Russell's Noncompliance with Sentencing Order"; the June 5, 2025 "Notice of Portage County Probation Department Acknowledgement of Russell's Violation and Refusal to Enforce Sentencing;"

and the June 30, 2025 "Notice of Continued Noncompliance and Request for Judgment Before July 15, 2025."

## The Appeal

{¶14} On appeal, M.E.J. raises four assignments of error for review:

[1.] "Trial Court Erred By Completely Ignoring and Failing to Rule on the Appellant's [M.E.J.] March 20th, 2025 Motion for Restitution and the Objections to Sentencing Filed on May 12th, 2025."

[2.] "Trial Court Abused Its Discretion By Imposing a 'Light Sentence' Given The Defendant John Russell's Intensive Criminal History including a prior 6 year prison sentence, Willful refusal to pay child support for Two Years, Refusal to Pay Child Support per court order during the actual felony case, and Still Not being in Compliance with the Child Support Court Order at the time of Sentencing or Post-Sentencing."

[3.] "Trial Court Failed to Implement Deadbeat Parents Punishment Act (18 U.S.C. § 228). The indictment on September 16th, 2024 confirms that the Defendant did not pay his child support 'willfully' for a period of two years. The support arrears are over $15k. Therefore, this law should have been imposed in his final sentencing and/or during his initial indictment."

[4.] "The trial court committed reversible error by sentencing the Defendant John Russell without having the Presentence Investigation Report filed or considered on the record, in violation of R.C 2951.03, where the report was not filed until May 27, 2025—three weeks after sentencing and four days after the Notice of Appeal had been filed in this 11th District Court."

{¶15} M.E.J. appeals from the entry imposing sentence upon Russell after convicting him of nonsupport of dependents. Specifically, M.E.J. asserts that the trial court erred when it failed to order restitution in the full amount owed to her to support the minor child.

Case No. 2025-P-0030

{¶16} M.E.J. asserts that she was denied her constitutional right to restitution, which is a question of law. As such, we apply a de novo standard of review. *State v. Trent*, 2025-Ohio-1278, ¶ 10-11 (2nd Dist.); *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 38-39 ("[A] court does not have discretion to misapply the law. A court has discretion to settle factual disputes or to manage its docket, for example, but it does not have discretion to apply the law incorrectly. That is why courts apply a de novo standard when reviewing issues of law").

{¶17} We will address M.E.J.'s assignments of error out of order.

## Marsy's Law

{¶18} Victims have several enumerated rights under Article I, Section 10a of the Ohio Constitution, commonly known as Marsy's Law. Marsy's Law provides:

> (A) To secure for victims justice and due process throughout the criminal and juvenile justice systems, a victim shall have the following rights, which shall be protected in a manner no less vigorous than the rights afforded to the accused:
>
> (1) to be treated with fairness and respect for the victim's safety, dignity and privacy;
>
> (2) upon request, to reasonable and timely notice of all public proceedings involving the criminal offense or delinquent act against the victim, and to be present at all such proceedings;
>
> (3) to be heard in any public proceeding involving release, plea, sentencing, disposition, or parole, or in any public proceeding in which a right of the victim is implicated;
>
> (4) to reasonable protection from the accused or any person acting on behalf of the accused;
>
> (5) upon request, to reasonable notice of any release or escape of the accused;
>
> (6) except as authorized by section 10 of Article I of this constitution, to refuse an interview, deposition, or other

Case No. 2025-P-0030

discovery request made by the accused or any person acting on behalf of the accused;

(7) to full and timely restitution from the person who committed the criminal offense or delinquent act against the victim;

(8) to proceedings free from unreasonable delay and a prompt conclusion of the case;

(9) upon request, to confer with the attorney for the government; and

(10) to be informed, in writing, of all rights enumerated in this section.

{¶19} In addition, "[t]he victim, the attorney for the government upon request of the victim, or the victim's other lawful representative, in any proceeding involving the criminal offense or delinquent act against the victim or in which the victim's rights are implicated, may assert the rights enumerated in this section and any other right afforded to the victim by law." Ohio Const., art. I, § 10a(B). If the court denies the relief sought by the victim, "the victim or the victim's lawful representative may petition the court of appeals, which shall promptly consider and decide the petition." *Id.* A victim may also file a direct appeal from a final entry imposing sentence upon a defendant. R.C. 2930.19.

## Trial Court's Consideration of the PSI

{¶20} In M.E.J.'s fourth assignment of error, she asserts that the trial court failed to consider the PSI prior to imposing sentence in violation of R.C. 2951.03 as the PSI was filed and docketed after the sentencing hearing. We disagree.

{¶21} First, while M.E.J. can appeal, that appeal is limited to the rights provided for under Marsy's Law. There is no provision under Marsy's law which allows a victim to appeal the defendant's sentence. The victim may appeal the trial court's determination as to restitution or the trial court's denial of the victim's rights as outlined in Ohio Const., art.

Case No. 2025-P-0030

I, § 10a. Therefore, we review the assignments of error solely as they relate to her constitutional rights under Marsy's Law.

{¶22} Crim.R. 32.2 provides in relevant part: "[u]nless the defendant and the prosecutor in the case agree to waive the presentence investigation report, the court shall, in felony cases, order a presentence investigation and report before imposing community control sanctions or granting probation." R.C. 2951.03 (A)(1) also provides,

> Unless the defendant and the prosecutor who is handling the case against the defendant agree to waive the presentence investigation report, no person who has been convicted of or pleaded guilty to a felony shall be placed under a community control sanction until a written presentence investigation report has been considered by the court.

Here, the record indicates that the trial court ordered a PSI when Russell changed his plea as required by Crim.R. 32.2.

{¶23} It is well established that a trial court speaks through its journal entries. *State v. Liddy*, 2022-Ohio-4282, ¶ 64 (11th Dist.), citing *Schenley v. Kauth*, 160 Ohio St. 109, 111 (1953). In the trial court's March 19, 2025 entry after Russell's change of plea, the trial court ordered "this matter be referred to the Adult Probation Department for statutory investigation and written report." A PSI was clearly completed with a victim impact statement by M.E.J. attached. The trial court and defense counsel addressed the PSI at the sentencing hearing.

{¶24} Specifically, defense counsel indicated that he had received a copy of the PSI and reviewed it with Russell. Defense counsel also referenced the contents of the PSI during the hearing. Prior to imposing sentence, the trial court asked M.E.J. if she wished to give a statement. M.E.J. declined stating: "[Russell]'s been making payments, so I don't want to make a statement now."

Case No. 2025-P-0030

{¶25} While the trial court did not state that it considered the PSI in the sentencing entry, the trial court did indicate that "[t]he Court . . . considered the evidence presented by counsel, oral statements, any victim impact statement, and the Defendant's statement" prior to imposing sentence. We note that the victim impact statement was attached to the PSI.

{¶26} As the trial court speaks through its journal entries, we find that the record illustrates that the trial court considered the victim impact statement and the PSI as required. Further, M.E.J. was given full opportunity to be heard at the sentencing hearing which she declined. Therefore, the trial court did not err or violate her rights to be heard at the sentencing hearing.

{¶27} Accordingly, M.E.J.'s fourth assignment of error is without merit.

**Length of Russell's Sentence**

{¶28} M.E.J. asserts in her second and third assignments of error that the trial court erred or abused its discretion when it sentenced Russell to community control instead of imposing a prison term. She also contends that the trial court erred when it failed to implement the federal Deadbeat Parents Punishment Act, 18 U.S.C. § 228. We disagree.

{¶29} As noted above, M.E.J. has standing to appeal only the limited rights provided under Marsy's Law. There is no provision under Marsy's law which allows a victim to appeal the length of the defendant's sentence. Because such right is not enumerated in Marsy's Law or codified in R.C. Ch. 2930, we find that M.E.J. cannot raise these claims on appeal.

Case No. 2025-P-0030

{¶30} Moreover, the federal sentencing guidelines do not apply to sentences imposed under Ohio law. *Weir v. Gray*, 2022 WL 19228647, *9 (N.D.Ohio July 1, 2022), citing *State v. Bros.*, 2015-Ohio-2283, ¶ 11; *Myott v. Berghuis*, 2009 WL 3241999, *3 (E.D.Mich. Oct. 7, 2009) ("The Federal Sentencing Guidelines apply only to sentences for federal criminal violations").

{¶31} Accordingly, M.E.J.'s second and third assignments of error do not have merit.

## Restitution

{¶32} In her first assignment of error, M.E.J. asserts that the trial court erred when it did not address her written request for restitution as a condition of Russell's sentence. Specifically, M.E.J. contends that the trial court was required to impose restitution in the amount of $15,027.98, the full amount owed in child support at the time of Russell's sentencing. We disagree.

{¶33} Victims of crime possess a right to restitution under Marsy's Law. *See State v. Brasher*, 2022-Ohio-4703, citing Ohio Const., art. I, § 10a(A)(7). The Supreme Court of Ohio has explained:

> Restitution is defined "based on the victim's economic loss" and "shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense." R.C. 2929.18(A)(1); R.C. 2929.28(A)(1). "Economic loss" is defined generally in R.C. 2929.01(L) as "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense * * *." And this court has recognized that "[a]n order of restitution imposed by the sentencing court on an offender for a felony is part of the sentence." *State v. Danison*, 105 Ohio St.3d 127, 2005-Ohio-781, 823 N.E.2d 444, syllabus.

*Brasher* at ¶ 15.

{¶34} In the instant case, on March 20, 2025, the day after Russell changed his plea, M.E.J. requested restitution in the amount of $14,414 for unpaid child support. At the time of her request, the trial court had not imposed sentence. Therefore, her request to modify sentence was premature.

{¶35} The trial court ordered a PSI after Russell entered his guilty plea. M.E.J.'s victim impact statement was attached to the PSI. In her statement, she requested "full restitution in the amount of $14,946."

{¶36} On May 6, 2025, the trial court sentenced Russell and did not order restitution. Instead, the trial court ordered that Russell pay his monthly child support and any arrearages as a condition of his community control. Therefore, the issue before this court is whether the trial court's decision to order payment as a condition of community control is equivalent to an order of restitution for purposes of Marsy's law.

{¶37} We find that in this case, where a defendant was convicted of nonsupport of dependents, the trial court did not violate a victim's constitutional rights when it ordered payment of child support and arrearages as a condition of community control instead of ordering payment as restitution.

> "[W]here a trial court orders restitution as part of the sentence in a criminal nonsupport case, the amount of restitution is limited to the support arrearage that accrued during the time frame encompassed by the specific charge or charges for which the defendant is convicted. In the alternative, if the defendant is sentenced to a term of community control, the trial court may, as a condition of community control, order the defendant to pay the entire outstanding child support arrearage."

*State v. McCants*, 2010-Ohio-854, ¶ 13 (12th Dist.). Had the trial court ordered restitution, the trial court would have been limited to "the support arrearage that accrued during the

time frame encompassed by the specific charge . . . for which the defendant [was] convicted." *Id.* The indictment charged conduct from May 31, 2020, to June 1, 2022. Therefore, any child support arrearages that accrued outside of that time frame could not have been ordered as restitution.[2]

{¶38} Instead, the trial court ordered, as a condition of Russell's community control, to pay his monthly child support and any arrearages. In cases involving felony nonsupport of dependents, unpaid child support payments constitute an "economic loss" suffered by the victim for which a trial court may order the defendant to pay financial sanctions pursuant to R.C. 2929.18. *State v. Stewart*, 2005-Ohio-987, ¶ 9 (10th Dist.), citing *State v. Hubbell,* 2004-Ohio-398, ¶ 10 (2d Dist.); S*tate v. Karnes*, No. 99CA42, (4th Dist. Mar. 29, 2001)*.* It is clear that the trial court ordered Russell to pay his monthly child support obligations as well as the amounts owed from prior nonpayment or arrearages, as a term of his community control. Specifically, the sentencing entry provides in relevant part:

> [T]he Defendant is placed on the general control of the Portage County Adult Probation Department in the Intensive Supervision Program for a period of Twelve (12) months and Thirty-Six (36) additional months under the General Division of Adult Probation, or until the Court has been notified by Portage County Adult Probation Department that the Defendant has satisfied all conditions of said community control. The Defendant shall abide by all standard rules and shall have the following terms:
>
> . . .

---

2. The record is devoid of any evidence to support the amount owed during the 24-month time period charged in the indictment. Had the trial court ordered restitution in this case, the amount ordered would have been less than the total amount requested by M.E.J. M.E.J asserts that Russell's non-payment continued to accrue after June 1, 2022. Any accrual after June 1, 2022 could not have been ordered as restitution in this case.

Case No. 2025-P-0030

2. Defendant shall pay monthly child support as ordered by the Court of Jurisdiction.

{¶39} Therefore, while the trial court did not award restitution, Russell was ordered to pay the amount owed in accordance with his child support obligations as a condition of his community control. Because the trial court accounted for the economic loss of the victim by imposing a financial sanction, we find that the trial court did not err or violate M.E.J.'s rights by failing to order restitution.

## Objections to Sentencing

{¶40} M.E.J. further asserts in her first assignment of error that the trial court erred by not addressing her May 12, 2025 filing captioned "Objections to Sentencing." In her filing, M.E.J. alleged: (1) she was "silenced" during sentencing "due to emotional influence from Russell leading up to the hearing;" (2) the trial court failed to address her victim impact statement; and (3) the trial court failed to order "$15,227.98" in restitution. M.E.J. requested that the trial court reconsider its sentence and "hold a hearing or issue a ruling on the 'outstanding issues' to allow proper exercise of both [M.E.J.'s] and the minor child's constitutional rights."

{¶41} As addressed above, the trial court provided for the victim's economic loss by imposing the requirement that Russell pay his monthly child support and any arrearages as a condition of community control. We also concluded above that the trial court considered the victim's impact statement and provided M.E.J. with an opportunity to be heard at sentencing. M.E.J. declined to make an additional oral statement despite opportunity to do so. As such, the trial court did not violate her rights as provided for under Marsy's Law or otherwise err by failing to address her filing.

Case No. 2025-P-0030

## Conclusion

{¶42} As none of M.E.J.'s assignments of error are meritorious and for the reasons set forth above, we affirm the judgment of the Portage County Court of Common Pleas.


JOHN J. EKLUND, J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2025-P-0030

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignments of error are without merit. It is the judgment and order of this court that the judgment of the Portage County Court of Common Pleas is affirmed.

Any pending motions are overruled as moot.

Costs to be taxed against appellant, M.E.J.

_____
PRESIDING JUDGE ROBERT J. PATTON

_____
JUDGE JOHN J. EKLUND,
concurs

_____
JUDGE EUGENE A. LUCCI,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.