[Cite as *State v. Beall*, 2025-Ohio-5585.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case No. 2025CA00024 |
| Plaintiff - Appellee | Opinion and Judgment Entry |
| -vs- | Appeal from the Massillon Municipal Court, Case No. 2024-CRB-01934 |
| SAMUEL BEALL | |
| Defendant – Appellee | Judgment: Affirmed |
| (KILINA AND DARLENE JELLEL, Appellants) | Date of Judgment Entry: December 15, 2025 |

**BEFORE:** William B. Hoffman, Kevin W. Popham, David M. Gormley, Appellate Judges

**APPEARANCES:** Justin Richard, City of Massillon Director of Law, Bailey Ricci, Assistant Prosecuting Attorney, Earle E. Wise, Jr., Chief Counsel, Massillon Law Department, for Plaintiff-Appellee; Kilina and Darlene Jellel, Pro se Appellants

OPINION

*Hoffman, P.J.*

**{¶1}** Appellants Darlene Jellel and Kilina Jellel appeal the February 19, 2025 Journal Entry and Order entered by the Massillon Municipal Court, which found defendant-appellee Samuel Beall guilty of criminal damaging or endangering and ordering him to pay restitution to Darlene Jellel in the amount of $99.00, following a bench trial.[1]  Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE CASE AND FACTS

**{¶2}** On August 28, 2024, a complaint was filed in the Massillon Municipal Court, charging Beall with criminal damaging or endangering, in violation of R.C. 2909.06(A)(1), a misdemeanor of the second degree.  The complaint alleged Beall sprayed with a hose the security camera mounted on the home of his neighbor, Darlene M. Jellel.  Darlene Jellel claimed the security camera had a value of $500.  Beall entered a plea of not guilty to the charge at his arraignment on September 6, 2024.

**{¶3}** The trial court's attempt to resolve the matter by having Beall pay for the camera proved unsuccessful and the case proceeded to bench trial on February 19, 2025. Darlene Jellel and her daughter, Kilina Jellel (collectively, "Appellants") were present at the trial and both women testified. Officer Jacob Dexter testified he responded to a call involving a dispute between two neighbors on August 26, 2024.   Officer Dexter spoke with Darlene Jellel and Beall.  Beall admitted to Officer Dexter he sprayed the camera. Officer Bernard testified the security camera was not damaged.  Darlene Jellel confirmed

---

[1] Appellee Samuel Beall did not file a brief in this appeal.

the security camera was not damaged. After hearing the evidence, the trial court found Beall guilty of criminal damaging or endangering and ordered him to pay restitution in the amount of $99.00. The trial court memorialized its findings and orders via Journal Entry and Order filed February 19, 2025. Beall paid the full amount of restitution on the same day. Kilina Jellel, on behalf of herself and Darlene Jellel, filed a Notice of Appeal from the February 19, 2025 Journal Entry and Order.

{¶4} Kilina Jellel, on behalf of herself and Darlene Jellel, filed a motion for issuance of final appealable order on March 17, 2025. Thereafter, on March 25, 2025, Kilina Jellel filed a number of documents as well as three flash drives. Via Entry and Order filed March 25, 2025, the trial court noted a copy of the February 19, 2025 Journal Entry and Order convicting and sentencing Beall was provided to Darlene Jellel. The trial court also indicated the documents submitted by Kilina Jellel would be filed, but not docketed as Kilina Jellel was not the victim; therefore, Kilina did not have standing to file an appeal or continue to file documents with the trial court. The trial court further found Kilina Jellel was practicing law without a license and referred the matter to the City of Massillon Law Director for review.

{¶5} Kilina Jellel filed additional documents with the trial court on March 26, 2025. Via Entry and Order filed March 26, 2025, the trial court struck the documents, finding such were "frivolous, burdensome to the court system and not relevant to the case." March 26, 2025 Entry and Order. The trial court indicated the documents would not be docketed or made part of the record. The trial court again found Kilina Jellel lacked standing and was practicing law without a license.

**{¶6}** On March 27, 2025, Kilina Jellel, on behalf of herself and Darlene Jellel, filed a motion to vacate the March 25, 2025 Entry and Order. The trial court did not rule on the motion.

**{¶7}** It is from the February 19, 2025 Journal Entry and Order Appellants appeal, raising the following assignments of error:

I. THE TRIAL CT., UNDER JUDGE EDWARD J. ELUM, ERRED BY IMPROPERLY ADVISING THE DEFENDANT, SAMUEL E. BEALL, OF EXPUNGEMENT ELIGIBILITY DURING THE FEB. 19, 2025 TRIAL W/O NOTIFYING OR CONSULTING DARLENE JELLEL, A RECOGNIZED VICTIM, IN VIOLATION OF OHIO CONST., ART. I, §10a(A)(2), R.C. §2953.32, AND THE 14TH AMEND. DUE PROCESS CLAUSE.

II. THE TRIAL CT. ERRED BY ALLOWING BEALL TO CLAIM INDIGENCE DESPITE EVIDENCE OF HIS FINANCIAL RESOURCES, INCL. SOCIAL MEDIA AND FIRSTHAND KNOWLEDGE OF HIS HOUSEHOLD INCOME, VIOLATING R.C. §120.05, OHIO ADMIN. CODE 120-1-03, AND THE 14TH AMEND.

III. THE TRIAL CT. ERRED BY ALLOWING IMPROPER FAMILIARITY AND BIAS DURING TRIAL, INCLUDING REPEATED USE OF FIRST NAMES FOR THE PROSECUTOR ("BAILEY") AND THE DEFENDANT'S ATTORNEY ("KARA"), WHO WAS ALSO THE DEFENDANT'S NIECE BY MARRIAGE - A RELATIONSHIP THE PROSECUTOR ADMITTED AND APPELLANTS LATER CONFIRMED

THROUGH A PUBLIC OBITUARY – WHILE TREATING APPELLANTS WITH COLDNESS AND INDIFFERENCE, UNDERMINING FAIRNESS AND IMPARTIALITY IN VIOLATION OF OHIO RULES OF PROFESSIONAL CONDUCT RULE 1.7, THE 6TH AND 14TH AMENDMENTS, AND OHIO CONST., ART. I, §16.

IV. THE TRIAL CT. AND PROS. ERRED BY RESTRICTING APPELLANTS' TESTIMONY, REFUSING RELEVANT FACTS ABOUT HARASSMENT, AND REDIRECTING TESTIMONY, VIOLATING R.C. §2930.09, THE 6TH AND 14TH AMENDS., AND OHIO CONST., ART. I, §16.

V. THE TRIAL CT. ERRED BY EXCLUDING D. JELLEL FROM THE COURTROOM DURING CRITICAL PORTIONS OF THE TRIAL, PREVENTING HER FROM OBSERVING EVIDENCE OR DETERMINING WHETHER THE DEFENDANT TESTIFIED, VIOLATING R.C. §2930.09, THE 14TH AMEND., AND OHIO CONST., ART. I, §10a(A)(2).

VI. THE TRIAL CT. ERRED BY FAILING TO ADDRESS THE PROS.'S MISCONDUCT, INCLUDING TAKING OVER A FEB. 18, 2025 PHONE CALL FROM THE VIC. ADV. WITHIN ONE MINUTE, INSTRUCTING D. JELLEL EXACTLY WHAT TO SAY AT TRIAL WHILE ACKNOWLEDGING BEALL'S CONSTANT HARASSMENT, AND FALSELY CLAIMING TO THE TRIAL CT. THAT SHE MAINTAINED CLOSE CONTACT WITH APPELLANTS DESPITE ISSING NO SUBPOENAS. THIS CONDUCT VIOLATED R.C. §2930.06, MARSY'S LAW, AND THE 14TH AMEND., AS DOCUMENTED IN USB EXHIBIT 2.

VII. THE TRIAL CT. ERRED BY ENGAGING IN INAPPROPRIATE JUDICIAL CONDUCT THROUGH STATEMENTS SUCH AS "SIT DOWN AND BE QUIET" AND REFERRING TO THE MATTER AS A "PISSING MATCH," INTIMIDATING APPELLANTS, VIOLATING OHIO CODE OF JUDICIAL CONDUCT RULE 2.8(B) AND THE 14TH AMEND.

VIII. THE TRIAL CT. ERRED BY ISSUING A MAR. 26, 2025 JUDGMENT ENTRY REFERRING K. JELLEL FOR UPL TO INTIMIDATE OR RETALIATE AGAINST HER FOR ASSERTING HER RIGHTS, VIOLATING THE FIRST AND 14TH AMENDS. AND OHIO CONST., ART. I, §16.

IX. THE PROSECUTOR COMMITTED MISCONDUCT BY REMOVING EVIDENCE FROM TRIAL TO "AVOID A MISTRIAL," VIOLATING BRADY V. MARYLAND, 373 U.S. 83 (1963), R.C. §2921.12, AND THE 14TH AMENDMENT DUE PROCESS CLAUSE.

X. THE PROSECUTOR COMMITTED MISCONDUCT BY FAILING TO ACT ON BEALL'S ONGOING HARASSMENT – DESPITE ACKNOWLEDGING IT IN THE FEBRUARY 18, 2025 RECORDED CALL, THE SEPTEMBER 6, 2024 VICTIM ADVOCATE EMAIL, AND PRIOR COURT PROCEEDINGS – VIOLATING R.C. §2930.02 AND THE 14TH AMENDMENT DUE PROCESS CLAUSE.

XI. THE PROSECUTOR ENGAGED IN MISCONDUCT BY IMPROPERLY APPROACHING K. JELLEL ON MARCH 26, 2025 WHILE SHE WAS ATTEMPTING TO FILE MOTIONS RELATED TO HER

APPEAL, AND CONTINUING THE INTERACTION AFTER ACKNOWLEDGING THE APPEAL WAS AGAINST HER, DESPITE AN ONGOING DELAY CAUSED BY THE CLERK'S OFFICE. THIS VIOLATED PROFESSIONAL CONDUCT STANDARDS AND THE 14TH AMENDMENT DUE PROCESS CLAUSE.

XII. THE PROSECUTOR ACTED IMPROPERLY BY ACKNOWLEDGING THAT SAMUEL E. BEALL'S ATTORNEY WAS HIS NIECE, AND DISMISSING APPELLANTS' CONCERN AFTER THEY INFORMED HER THE ATTORNEY HAD PREVIOUSLY LIED IN COURT DURING A PROTECTION ORDER HEARING – CONSTITUTING A CONFLICT OF INTEREST THAT VIOLATED APPELLANTS' RIGHTS TO A FAIR TRIAL UNDER THE OHIO RULES OF PROFESSIONAL CONDUCT, RULE 1.7, AND THE 6TH AND 14TH AMENDMENTS.

XIII. THE TRIAL CT. ERRED BY PERMITTING A 251-DAY DELAY BETWEEN THE REPORTED CRIME AND TRIAL, AN UNREASONABLE DELAY, VIOLATING R.C. §2945.71 AND THE 14TH AMEND.

XIV. THE PROSECUTOR COMMITTED MISCONDUCT BY EXCLUDING THE POISONING AND DESTRUCTION OF APPELLANTS' GARDEN FROM TRIAL – DESPITE ITS INCLUSION IN THE VICTIM IMPACT STATEMENT AND RELEVANCE TO HARASSMENT – CONSTITUTING SUPPRESSION OF MATERIAL EVIDENCE IN VIOLATION OF OHIO CONST., ART. I, §10a(A)(1), THE 14TH

AMENDMENT DUE PROCESS CLAUSE, AND BRADY V. MARYLAND, 373 U.S. 83 (1963).

XV. THE PROSECUTOR COMMITTED MISCONDUCT BY FAILING TO PRESENT, ACKNOWLEDGE, OR EXCHANGE KEY EVIDENCE FROM APPELLANTS – DESPITE A COURT JOURNAL ENTRY REQUIRING IT – CONSTITUTING SUPPRESSION OF MATERIAL EVIDENCE IN VIOLATION OF OHIO CRIM. R. 16, THE 14TH AMENDMENT DUE PROCESS CLAUSE, BRADY V. MARYLAND, 373 U.S. 83 (1963), AND STATE V. KEENAN, 1993-Ohio-409 (Ohio Sup. Ct.), AS DOCUMENTED IN USB EXHIBIT 7.

XVI. OFFICER DEXTER VIOLATED APPELLANTS' RIGHTS BY FALSELY STATING TO K. JELLEL THAT THE AUGUST 26, 2024 OFFENSE WAS NON-ARRESTABLE, EVEN AFTER BEING SHOWN CLEAR SURVEILLANCE FOOTAGE OF BEALL INTENTIONALLY SPRAYING THE CAMERA AND LAUGHING ABOUT IT TO HIMSELF. DEXTER VIEWED THIS VIDEO, VISITED BEALL, AND RETURNED STATING HE DIDN'T BELIEVE BEALL'S EXCUSE. HOWEVER, PROSECUTOR RICCI LATER ADMITTED THAT DEXTER'S BODY CAM CAPTURED BEALL CONFESSING – PROVING THE OFFENSE WAS ARRESTABLE AND SHOULD HAVE RESULTED IN AN ARREST. DESPITE THIS, NO ARREST OCCURRED, AND DEXTER WAS FALSELY LISTED AS THE ARRESTING OFFICER. HIS ACTIONS CONSTITUTE FALSIFICATION OF RECORDS, OBSTRUCTION OF JUSTICE,

DERELICTION OF DUTY, VICTIM RETALIATION, AND DEPRIVATION OF DUE PROCESS AND EQUAL PROTECTION, IN VIOLATION OF R.C. §2921.13, §2921.45, §2921.32, §2921.44, §2921.03, THE 14TH AMENDMENT, AND OHIO CONST., ART. I, §§10a(A)(1), 10a(A)(6), AND 1.

XVII. THE TRIAL CT. ERRED BY FAILING TO ADDRESS THE CLERK OF COURT'S ACTIONS ON MAR. 26, 2025, INCL. DELAYING K. JELLEL, BACKDATING ENTRIES, AND MISHANDLING MOTIONS, OBSTRUCTING ACCESS TO THE COURTS UNDER OHIO CONST., ART. I, §16.

XVIII. THE TRIAL CT. ERRED BY FAILING TO ADDRESS CLERK OF COURT SHANE JACKSON'S ISSUANCE OF A JUDGMENT ENTRY REFERRING K. JELLEL FOR UPL WITHOUT CLARIFICATION, INCLUDING HIS REFUSAL TO CONFIRM WHETHER IT WAS THE FINAL APPEALABLE ORDER, AND HIS STATEMENT "YOU CAN FILE ANYTHING AT ANY TIME" AFTER IMPLYING IMPROPER CONDUCT, OBSTRUCTING ACCESS TO THE COURTS IN VIOLATION OF OHIO CONST., ART. I, §16, AND THE 14TH AMEND.

XIX. THE TRIAL COURT VIOLATED ITS OWN NOVEMBER 7, 2024 JOURNAL ENTRY REQUIRING THAT "ALL ADDITIONAL VIDEO SHALL BE EXCHANGED" BY FAILING TO ENFORCE COMPLIANCE, IGNORING APPELLANTS' ATTEMPTS TO SUBMIT VIDEO EVIDENCE, AND ULTIMATELY SILENCING THEM AT TRIAL. DESPITE CLEAR EFFORTS

TO PRESENT THE EVIDENCE – INCLUDING A MARCH 2025 AUDIO RECORDING WITH THE LAW DIRECTOR CONFIRMING SUBMISSION – APPELLANTS WERE DENIED THE OPPORTUNITY TO BE HEARD. THIS CONSTITUTED SUPPRESSION OF MATERIAL EVIDENCE IN VIOLATION OF OHIO CRIM. R. 16, THE 14TH AMENDMENT DUE PROCESS CLAUSE, BRADY V. MARYLAND, 373 U.S. 83 (1963), AND STATE V. KEENAN, 1993-Ohio-409 (OHIO SUP. CT.).

XX. THE TRIAL CT. ERRED BY PERMITTING THE STRIPPING OF THE JELLELS' VICTIM STATUS DESPITE PRIOR RECOGNITION, VIOLATING OHIO CONST., ART. I, §10a(A)(1), AND R.C. §2930.01.

XXI. THE TRIAL CT. ERRED BY FAILING TO PROVIDE FULL AND PROPER RESTITUTION, IGNORING EVIDENCE OF THE BROADER DAMAGES OUTLINED IN THE SEPTEMBER 2024 VICTIM IMPACT STATEMENT, INCLUDING THE DESTRUCTION OF A 25-YEAR MEDICINAL GARDEN, A DISCOUNTED SURVEILLANCE SYSTEM VALUED AT $423.99, A $100 LADDER REQUIRED TO REINSTALL IT, AND RELATED LOSSES, IN VIOLATION OF R.C. §2929.18 AND MARSY'S LAW.

{¶8}   We begin by noting Appellants' Brief fails to comply with App. R. 16, which provides, in relevant part:

**(A) Brief of the Appellant.** The appellant shall include in its brief, under the headings and in the order indicated, all of the following:

* * *

(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.

* * *

(5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.

(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.

{¶9} Although Appellants' Brief includes a statement of the assignments of error for review, such does not include a reference to the place in the record where each error is reflected, in violation of App.R. 16(A)(3). Appellants' brief includes a statement of the case, however, such does not describe the nature of the case or the course of the proceedings, in violation of App.R. 16(A)(5). Similarly, although Appellants' brief includes a section captioned "Statement of Facts," such omits appropriate references to the record, in violation of App.R. 16(A)(6).

{¶10} Because Appellants' Brief fails to satisfy the requirements of App. 16(A)(3), (4), (5), and (6); their brief is noncompliant. Compliance with the above-stated rule is mandatory. *Zanesville v. Robinson*, 2010-Ohio-4843, ¶ 26 (5th Dist.). "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the

rules governing practice in the appellate court is a tactic which is ordinarily fatal." *Musleve v. Musleve*, 2008-Ohio-3961, ¶ 21 (5th Dist.). Such deficiencies permit this Court to dismiss Appellants' appeal. *State v. Darby*, 2019-Ohio-2186, ¶¶ 21-24 (5th Dist.). Notwithstanding the omissions in Appellants' brief, in the interests of justice and finality, we elect to review the appeal.

**{¶11}** Of the 21 assignments of error Appellants assert, we find only 10 are related to Marsy's Law; the remaining assignments of error allege, inter alia, inappropriate judicial conduct, including bias and retaliatory behavior, as well as prosecutorial misconduct. We shall address the assignments of error which implicate Marsy's Law together and first.

*Marsy's Law*

**{¶12}** Marsy's Law, an amendment to Art. I, Sec. 10a of the Ohio Constitution, expanded the rights afforded to crime victims. The law "arose from a national victims'-rights movement," which "seeks to give crime victims constitutional rights that are equal to the rights of individuals accused of committing crimes." *Centerville v. Knab*, 2020-Ohio-5219, ¶ 11-12. "Consistent with this national movement, the Ohio amendment initiative sought to give crime victims and their families meaningful and enforceable rights." *Id.* at ¶ 13.

**{¶13}** Marsy's Law enumerates ten specific rights: (1) the right to be treated with fairness, respect, and dignity; (2) the right to reasonable and timely notice of all public proceedings involving the criminal offense against the victim; (3) the right to be present at such proceedings; (4) the right to be heard in any public proceeding involving release, plea, sentencing, disposition, or parole; (5) the right to reasonable protection from the accused; (6) the right to refuse discovery requests made by the accused; (7) the right to

full and timely restitution; (8) the right to proceedings free from unreasonable delay; (9) the right to confer with the attorney for the government; and (10) the right to be informed in writing of all rights enumerated in the section. Ohio Const., Art. I, Sec. 10a(A)(1)-(10).

{¶14} "[T]he victim . . . may assert the rights enumerated in [Marsy's Law] and any other right afforded to the victim by law" in "any proceeding involving the criminal offense . . . against the victim or in which the victim's rights are implicated." Ohio Const., Art. I, Sec. 10a(B).

{¶15} To implement these rights, the legislature enacted new laws and amended existing ones under R.C. Chapter 2930. For instance, R.C. 2930.19(A)(1) specifically provides:

(1) A victim, victim's representative, or victim's attorney, if applicable, or the prosecutor, on request of the victim, has standing as a matter of right to assert, or to challenge an order denying, the rights of the victim provided by law in any judicial or administrative proceeding. The trial court shall act promptly on a request to enforce, or on a challenge of an order denying, the rights of the victim. In any case, the trial court shall hear the matter within ten days of the assertion of the victim's rights. The reasons for any decision denying relief under this section shall be clearly stated on the record or in a judgment entry.

{¶16} Accordingly, crime victims and victims' representatives have "standing as a matter of right to assert, or to challenge an order denying, the rights of the victim provided

by law in any judicial or administrative proceeding." *State v. Wagner*, 2025-Ohio-542, ¶ 15, citing R.C. 2930.19(A)(1); *accord* Ohio Const., Art. I, Sec. 10a(B). "If the trial court denies the victim's request for relief, the trial court must give the victim (1) notice of the decision and a copy of the judgment entry and (2) a specific notice that informs the victim of the victim's appeal rights or right to file an extraordinary writ." *Id*., citing R.C. 2930.19(A)(2)(a). In other words, a victim or a victim's representative has standing to file a direct appeal only when the trial court denies the enforcement of his or her constitutional rights. *State v. Basher*, 2022-Ohio-4703, ¶ 22.

I

**{¶17}** In their first assignment of error, Appellants contend the trial court improperly advised Beall he could have his record expunged after one year pursuant to R.C. 2953.32. We note, while Marsy's Law affords victims of crime certain rights, Marsy's Law does not extinguish any rights afforded to criminal defendants. The trial court properly advised Beall of his rights. The trial court did not have an application for expungement by Beall before it, nor did it grant Beall an expungement without notice to Appellants. As such, we find no violation of Marsy's Law at this point. If Beall files an application for expungement, Appellants would have certain rights under Marsy's Law.

**{¶18}** Appellants' first assignment of error is overruled.

IV, V, VI, X, XIV

**{¶19}** We elect to address Appellants' fourth, fifth, sixth, tenth, and fourteen assignments of error together. In their fourth assignment of error, Appellants assert the trial court and the prosecutor erred in restricting their testimony regarding Beall's ongoing harassment as such testimony was relevant. In their fifth assignment of error, Appellants

maintain the trial court erred in precluding the Victim's presence during critical portions of the trial. In their sixth and tenth assignments of error, Appellants complain of misconduct by the prosecutor and the victim's advocate. In their fourteenth assignment of error, Appellants submit the prosecutor committed misconduct by excluding evidence of Beall's destruction of Darlene Jellel's garden, which was included in the victim impact statement.

**{¶20}** Appellants failed to file a transcript of the proceedings below. "When portions of the transcript necessary for resolution of the assigned error(s) are omitted from the record, the court has no choice but to presume the validity of the lower court's proceedings, and to affirm." *Knapp v. Edwards Labs*., 61 Ohio St.2d 197, 199 (1980). To the extent Appellants' assignments of error relate to conduct which occurred at trial, our review is hampered by the lack of transcripts in the record. Accordingly, we presume regularity in the proceedings below.

**{¶21}** Appellants' fourth, fifth, sixth, tenth, and fourteenth assignments of error are overruled.

XVI

**{¶22}** In their sixteenth assignment of error, Appellants argue their rights were violated by Officer Dexter's failure to arrest Beall despite his confession. Appellants have failed to reference which rights under Marsy's Law were violated by Officer Dexter's decision not to arrest Beall. Upon review, we find no violation of Marsy's Law.

**{¶23}** Appellants' sixteenth assignment of error is overruled.

XVII, XX

{¶24} In their seventeenth assignment of error, Appellants question the trial court's failure to address the actions of the Clerk of Court in backdating entries, mishandling motions, and obstructing access to the court. In their twentieth assignment of error, Appellants contend the trial court erred in permitting their status as victims to be stripped. Appellants have failed to reference any evidence in the record to substantiate their claims of misdeeds by the Clerk. In addition, Appellants failed to articulate which rights under Marsy's Law were violated.

{¶25} Appellants' seventeenth and twentieth assignments of error are overruled.

XI

{¶26} In their twenty-first assignment of error, Appellants posit the trial court failed to provide full and proper restitution, ignoring evidence of the broader damages and related losses.

{¶27} Victims of crime possess a right to restitution under Marsy's Law. See *State v. Brasher*, 2022-Ohio-4703, citing Ohio Const., Art. I, Sec. 10a(A)(7). Restitution is determined "based on the victim's economic loss" and "shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense." R.C. 2929.18(A)(1); R.C. 2929.28(A)(1). "Economic loss" is defined generally in R.C. 2929.01(L) as "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense * * *." "An order of restitution imposed by the sentencing court on an offender for a felony is part of the sentence." *State v. Danison*, 105 Ohio St.3d 127, syllabus.

**{¶28}** The complaint against Beall listed a single security camera outside Darlene Jellel's home as the only property involved. Appellants claimed the security camera had a value of $500. At trial, Kilina Jellel testified she purchased the camera for $191.69. See February 19, 2025 Entry and Order. Officer Bernard testified the camera was not damaged. *Id.* The trial court awarded Appellants restitution in the amount of $99.00. Because our review is limited to the record before us, we cannot find the trial court erred in only awarding Appellants $99.00 in restitution.

**{¶29}** Appellants' twenty first assignment of error is overruled.

*Requested Relief*

**{¶30}** Before addressing Appellants' remaining assignments of error, we shall review Appellants' claimed violations of Marcy's Law based upon their requested grounds for relief. In their Brief to this Court, Appellants sought the following relief:

> - Reversal of the judgment of the Massillon Municipal Court.
>
> - Vacatur of the March 26, 2025 UPL (unauthorized practice of law) referral.
>
> - A new trial in a neutral venue, such as Canton Municipal Court.
>
> - Imposition of supervision or probation on Beall, if convicted.
>
> - Reassessment of the restitution to award $923.69 for documented losses + the garden expenses and loss of land ($1,100 in receipts alone – Not including loss of produce, [sic] Lost Garden Land forever due to cement and chemical poisoning and loss of joy and safety.
>
> Brief of Appellants at p. 30.

**{¶31}** Assuming, arguendo, Appellants' rights regarding restitution under Marsy's Law were violated, Marsy's Law does not provide the relief sought by Appellants. There is no provision under Marsy's Law which allows a victim to appeal a defendant's sentence. *State v. Russell*, 2025-Ohio-4424, ¶ 21. Further, "a trial court lacks authority to reconsider its own valid final judgment in a criminal case." *State v. Harris*, 2023-Ohio-648, ¶ 106 (2d Dist.). Most importantly, the double jeopardy protections under the Fifth Amendment of the United States Constitution and the Fourteenth Amendment and Article I, Sec. 10 of the Ohio Constitution prohibit multiple prosecutions for the same offense.

II, III, VII, VIII, IX, XI, XII, XIII, XV, XVIII, XIX

**{¶32}** A victim has standing to appeal only the limited rights provided under Marsy's Law. Because the errors alleged in Appellants' remaining assignments of error do not involve any rights enumerated in Marsy's Law, we find Appellants cannot raise these claims on appeal.

**{¶33}** Appellants' second, third, seventh, eighth, ninth, eleventh, twelfth, thirteenth, fifteenth, eighteenth, and nineteenth claims are overruled.

**{¶34}** The judgment of the Massillon Municipal Court is affirmed.   Costs to Appellants.


By: Hoffman, P.J.

Popham, J. and

Gormley, J. concur